778 So.2d 531 (2001)
Martin LUDWIG, Appellant,
v.
DEPARTMENT OF HEALTH, Appellee.
No. 1D01-414.
District Court of Appeal of Florida, First District.
March 5, 2001.
*532 Paul Watson Lambert, Tallahassee, for appellant.
Simone Marstiller, Chief Appellate Attorney, Agency for Health Care Administration, Tallahassee, for appellee.

ON APPELLANT'S MOTION FOR STAY
PER CURIAM.
Martin Ludwig, a licensed clinical social worker, appeals a final order suspending his license and imposing other discipline. Pursuant to section 120.68(3), Florida Statutes (2000), he moved for a stay of that order pending disposition of this appeal, and after considering appellee's response we granted that motion by unpublished order. We commend counsel in this case for their apparent familiarity with the recent amendments to Florida Rule of Appellate Procedure 9.190 relating to stays *533 pending review in administrative matters.[1] Our objective in issuing this opinion is to ensure that other practitioners are equally up-to-date, and to briefly explain the means by which we will implement the new rule in cases such as this, where the agency has suspended or revoked a license other than on an emergency basis.
When appellate review is sought, section 120.68(3) provides that a stay of an agency order revoking or suspending a license shall be granted as a matter of right unless the court, upon petition of the agency, determines that a stay would constitute a probable danger to the health, safety, or welfare of the state. The procedure for seeking such a stay from the court where the agency action is taken on a non-emergency basis is now governed by rule 9.190(e)(2)(C), which provides:
When an agency has suspended or revoked a license other than on an emergency basis, a licensee may file with the reviewing court a motion for stay on an expedited basis. Unless the agency files with the court within 10 days thereafter or within a shorter time period set by the court a response demonstrating that a stay would constitute a probable danger to the health, safety, or welfare of the state, the court shall issue a stay.
Under the rule and statute, the stay provision is not self-executing, and a licensee must invoke a claimed entitlement to a stay by filing a motion with the reviewing court. The rule affords the agency ten days to respond, but recognizes that circumstances will arise in which more hastened consideration of a request for a stay is warranted. In such circumstances, this court's policy will be to place the burden on the movant to allege specific facts demonstrating that a shorter response time should be set, and when such a showing is made, an order will issue directing the agency to respond on a more expedited basis. Otherwise, the motion will simply be held for the 10-day response sponse period, and in the absence of a timely response, a stay order will issue.[2]
Regardless of whether an accelerated response is ordered, where an agency does contend that the granting of a stay will constitute a probable danger, the motion and response will ordinarily be considered by the court on an expedited basis. We note that although the rule makes no provision for the licensee to reply to an agency's argument that a stay will result in a probable danger, due process considerations suggest that such an opportunity should be afforded before a motion for stay is denied on "probable danger" grounds. Accordingly, if the agency's response is found to make a sufficient showing of a probable danger, the movant will by order be afforded the opportunity to reply to the agency's response. Because orders permitting a reply will issue only if the court determines that the agency's response states a preliminary basis for denying a stay, the filing of an unsolicited reply is unnecessary, as well as unauthorized.
Finally, rule 9.190(e)(2)(D) provides that when an order suspending or revoking a license has been stayed pursuant to rule 9.190(e)(2)(C), an agency may apply to the court for dissolution or modification of the stay on grounds that subsequently acquired information demonstrates that the *534 failure to do so would constitute a probable danger to the health, safety, or welfare of the state. Unless vacated or modified, a stay granted by either the court or the agency remains in effect during the pendency of all review proceedings in Florida courts until a mandate issues. See Fla. R .App.P. 9.190(e)(4).
BARFIELD, C.J., WEBSTER and VAN NORTWICK, JJ., concur.
NOTES
[1] Effective January 1, 2001, rule 9.190 was amended to add subdivision (e), relating to stays pending review in administrative matters. See Amendments to Florida Rules of Appellate Procedure, 780 So.2d 834, 884 (Fla. 2000). In addition to the procedure discussed in this opinion relating to appeals in non-emergency licensure cases, the new subdivision includes other provisions governing stays where a license is suspended or revoked on an emergency basis, as well as cases involving other administrative matters.
[2] Because the time for filing a response runs from the date the motion is filed, rule 9.420(d) is not implicated in this situation. See Bell v. U.S.B. Acquisition Company, Inc., 734 So.2d 403 (Fla.1999) (rule 9.420(d) applies only when an act is required to be done within some specified time after service of a document).