FORST, J.,
dissenting:
St. Peter’s Academy (“Appellant”) filed a notice of appeal- from the Department of Children and Families’ (hereinafter “the Department”) order revoking Appellant’s *913 license to operate its child care facilities. Appellant also seeks to stay the Department’s order pending disposition of the appeal from that order. The issue of the stay is before this Court and I respectfully dissent from the decision to deny Appellant’s motion to stay.
When appellate review is sought, “a stay of an agency order revoking or suspending a license shall be granted as a matter of right unless the court, upon petition of the agency, determines that a stay would constitute a probable danger to the health, safety, or welfare of the state.” Ludwig v. Dep’t of Health, 778 So.2d 531, 533 (Fla. 1st DCA 2001) (referencing section 120.68(3), Florida Statutes (2000)). In this case, Appellant concedes to two Class I violations. The first violation occurred in January 2012 and involved a child wandering off Appellant’s premises. The second (and only other referenced) violation occurred in June 2013 and involved a bus driver and transportation aide leaving a child behind on a bus. Thus, during the two years preceding the Department’s final order revoking Appellant’s license, there was one Class I incident (the second such within the space of four or more years). The employees who were responsible for the 2013 violation were terminated, and Appellant has implemented “a three-tier review process” in an effort to avoid such incidents in the future (whether this is “too little, too late” for the purposes of challenging the revocation is a matter reserved for this court’s review of the appeal of the Department’s final order).
At this time, the only matter before this panel is Appellant’s Motion for Stay. A stay of an agency order revoking a license shall be granted “as a matter of right,” with one exception. The Department’s objections to the motion for a stay have not established that Appellant’s administration and/or current employees are inherently negligent or that the response to the two incidents was insufficient and that permitting the facility to remain open during the pendency of the appeal creates “a probable danger to the health, safety, or welfare of the state.” Id. (emphasis added). Accordingly, I would grant Appellant’s motion to stay the Department’s order revoking its license during the pendency of the instant appeal. Therefore, I respectfully dissent from the Court’s decision to deny Appellant’s motion to stay.