PER CURIAM.
The Florida Bar’s Appellate Court Rules Committee (Committee) has filed its biennial report of regular-cycle proposed rule amendments in accordance with Florida Rule of Judicial Administration 2.130(c)(4). We have jurisdiction. See art. V, § 2(a), Fla. Const.
BACKGROUND
The Committee’s regular-cycle report proposes amendments to rules 9.020 (Definitions), 9.030 (Jurisdiction of Courts), 9.130 (Proceedings to Review Non-Final Orders and Specified Final Orders), 9.142 (Procedures for Review in Death Penalty Cases), 9.145 (Appeal Proceedings in Juvenile Delinquency Cases), 9.180 (Appeal Proceedings to Review Workers’ Compensation Cases), 9.190 (Judicial Review of Administrative Action), 9.220 (Appendix), 9.370 (Amicus Curiae), 9.420 (Filing; Service of Copies; Computation of Time), 9.430 (Proceedings by Indigents), and 9.800 (Uniform Citation System), and proposes new form 9.900(i) (Prisoner’s Motion and Affidavit to Proceed Without Prepayment of Court Costs and Fees). As required by rule 2.130(c)(2), prior to submission to the Court, the proposed rule amendments were published in The Florida Bar News and on the internet web site of The Florida Bar. One comment was received. After submission, the proposed amendments were again published for comment in the March 1, 2004 edition of The Florida Bar News and placed on the Court’s internet web site. Two comments were received.
Subsequently, the Committee submitted a supplemental report proposing an additional amendment to rule 9.331 (Determination of Causes in a District Court of Appeal En Banc). This additional proposed amendment was published for com *203 ment in the June 1, 2004 edition of The Florida Bar News and was placed on the Court’s internet web site. No comments were received. Having considered the Committee’s reports, we adopt the amendments proposed by the Committee with one modification as more fully discussed below.
AMENDMENTS '
First, we adopt several amendments to rules 9.020 and 9.331 in order to clarify the effect of motions for rehearing and rehearing en banc on the finality of appellate orders. New subdivision (i) is added to rule 9.020 to specifically define rendition of an appellate order.[1] This new subdivision states that if a timely and authorized motion under rule 9.330 or 9.331 is filed, an appellate order shall not be deemed rendered until the motion is either abandoned or resolved by written order. Rule 9.331(d) is amended to eliminate the requirement that a motion for rehearing en banc be filed in conjunction with a motion for rehearing, to provide that a response may be served within ten days of service of the motion for rehearing en banc, and to require the appellate court to enter a written order disposing of the motion for rehearing en banc.
Next, rule 9.030(b)(1) is amended to clarify the appellate jurisdiction of the district courts over final orders of county courts declaring a state statute or provision of the Florida Constitution invalid. Although under the Florida Constitution and Florida Statutes, the district courts clearly have such appellate jurisdiction, current rule 9.030(b)(1) does not expressly provide for. it. Thus, we amend the rule to rectify this problem.
New subdivision (a)(3)(C)(viii) is added to rule 9.130 to make the rule consistent with section 70.001(6)(a), Florida Statutes (2004). That section permits a governmental entity to take an interlocutory appeal of a determination that its action has resulted in an “inordinate burden” under the Bert Harris Property Rights Protection Act. However, because there is no provision in the current rules allowing .for such an appeal, the statutory provision is a nullity. See art. V, § 4(b)(1), Fla. Const, (providing that district courts “may review interlocutory orders ... to the extent provided by rules adopted by the supreme court”); see also Osceola County v. Best Diversified, Inc., 830 So.2d 139 (Fla. 5th DCA 2002). Accordingly, rule 9.130 is amended to permit these interlocutory appeals.[2]
We also adopt a modified version of the Committee’s proposed amendment to rule 9.142(a)(6) governing the scope of review in death penalty appeals. Currently, this rule requires the Court to review the evidence in death cases to “determine if the interest' of justice requires a new trial, whether or not insufficiency of the evidence is an issue presented for review.” Fla. RApp. P. 9.142(a)(6). The Committee proposed an amendment to this rule deleting the words “a new trial” and substituting the words “remand for appropriate relief.”
*204 In considering this amendment, which is meant to make the rule consistent with this Court’s practice, we note that along with the issue of sufficiency of the evidence, we also review the issue of proportionality of the death sentence regardless of whether that issue is formally presented by the parties. Accordingly, we adopt a modified version of the proposed amendment to rule 9.142(a)(6) as follows: In death penalty cases, whether or not insufficiency of the evidence or proportionality is an issue presented for review, the court shall review the evidence to -determine if the interest of-justice requires a new trial, whether- or not insufficiency ■ of the evidence — is—an—issue—presented—for—re-viewthese issues and, if necessary, remand for the appropriate relief.
Rule 9.145(c)(2), governing non-final state appeals in juvenile dependency cases, currently fails to mention rendition when setting forth the time for filing a notice of appeal from a pre-adjudicatory hearing order. Accordingly, that rule is amended to clarify that the notice of appeal must be filed within fifteen days of rendition of the order to be reviewed.
Rule 9.180, governing appeal proceedings in workers’ compensation cases, is amended in three ways. First subdivision (b)(2) is amended to provide that failure to request separate findings of fact and conclusions of law after entry of an abbreviated order by the Judge of Compensation Claims (JCC) waives review by appeal of that order, and that filing of such a request tolls the time within which an appeal may be taken. Second, subdivision (h)(1) is amended to delete, as duplicative, the requirement that a copy of an appellant’s brief shall be served on the appellee. Third, the requirement in subdivision (b)(4) that the JCC send a copy of the notice and a certified copy of the order to the Division of Workers’ Compensation as well as to the General Counsel for the Department of Labor and Employment Security is deleted because those agencies no longer require such copies.
Rule 9.190, governing judicial review of administrative action, is amended in two respects. Subdivision (d) of this rule which addresses attorney’s fees is amended to clarify the court’s authority to remand to the lower tribunal for a determination of an amount of attorney’s fees to be awarded or refer the matter to a special magistrate. Subdivision (e)(2)(C) is amended, with an explanatory committee note, to clarify that an agency has ten days to respond to the filing of a motion for stay of an order suspending or revoking a license and requiring the court to grant a stay “unless the agency files a timely response demonstrating that a stay would constitute a probable danger to the health, safety, or welfare of the state.”
In response to concerns raised in Hill v. Hill, 778 So.2d 967, 969 (Fla.2001) (J. Par-iente, specially concurring), regarding supplementation of appendices in non-final appeal proceedings, the Committee proposed and we adopt an amendment to rule 9.220. This rule is amended to provide that “[i]n any proceeding in which an appendix is required, if the court finds that the appendix is incomplete, it shall direct a party to supply the omitted parts of the appendix.” The amended rule also states that “[n]o proceeding shall be determined until an opportunity to supplement the appendix has been given.”
In Amendments to Florida Rules of Appellate Procedure, 827 So.2d 888, 890 (Fla.2002), the Court requested that the Committee consider whether rule 9.370 allows amicus briefs to be considered upon consent of the parties and without court approval. Despite the alternative language of the current rule, the Committee determined that appellate courts exercise their *205 own inherent authority to decide if the brief should be permitted. Accordingly, rule 9.370 is amended to clarify that leave of court is required to file an amicus brief.
In response to the Court’s request in Griffin v. Sistuenck, 816 So.2d 600, 602 n. 4 (Fla.2002), the Committee proposed and we adopt an amendment to rule 9.420 to provide a separate certificate of service for use by pro se inmates and other pro se litigants. The amendment also provides that a certificate of service that substantially complies with the appropriate form will be taken as prima facie proof of service.
In Jackson v. Florida Department of Corrections, 790 So.2d 381, 384 n. 3 (Fla.2001), the Court requested that the Committee “propose amendments to rule 9.430 to comply with the substantive payment portions of the [Prisoner Indigency] Statute and that it suggest procedures (to be placed in the rule) for implementation of the statute.” The result is that new subdivision (b) is added to rule 9.430. This new subdivision allows an appellate court to presume, absent evidence to the contrary, that assertions filed in an affidavit by a prisoner are true and that, in criminal or collateral criminal proceedings, a prisoner who has been declared indigent for purposes of proceedings in the lower tribunal remains indigent. Additionally, in cases which are not criminal or collateral criminal proceedings, it permits the court to require a prisoner “to make a partial prepayment of court costs or fees and to make continued partial payments until the full amount is paid.”[3] In conjunction with this amendment, new Form 9.900(i) is adopted. The form adopted includes a prisoner’s motion and affidavit to proceed without prepayment of court costs, a financial certificate to be completed by authorized prison officials, and two orders for use by the court in determining a prisoner’s indigen-cy.
Finally, rule 9.800 is amended to update citation requirements to reflect current case number practice, to correct apparent minor errors, to delete obsolete citations, to add a citation to the United States Constitution, and ensure examples given cite current rules.
We hereby adopt the amendments to the Florida Rules of Appellate Procedure as set forth in the appendix to this opinion.[4] New language is indicated by underscoring; deletions are indicated by struck-through type. The committee notes are offered for explanation only and are not adopted as an official part of the rules. The amendments will become effective immediately.
It is so ordered.
PARIENTE, C.J., and WELLS, ANSTEAD, LEWIS, QUINCE, CANTERO, and BELL, JJ., concur.
APPENDIX
RULE 9.020. DEFINITIONS
The following terms have the meanings shown as used in these rules:
(a) Administrative Action. Administrative action shall include:
(1) final agency action as defined in the Administrative Procedure Act, chapter 120, Florida Statutes;
*206 (2) non-final action by an agency or administrative law judge reviewable under the Administrative Procedure Act;
(3) quasi-judicial decisions by any administrative body, agency, board or commission not subject to the Administrative Procedure Act; and
(4) administrative action for which judicial review is provided by general law.
(b) Clerk. The person or official specifically designated as such for the court or lower tribunal; if no person or official has been specifically so designated, the official or agent who most closely resembles a clerk in the functions performed.
(c) Court. The supreme court; the district courts of appeal; and the circuit courts in the exercise of the jurisdiction described by rule 9.030(c), including the chief justice of the supreme court and the chief judge of a district court of appeal in the exercise of constitutional, administrative, or supervisory powers on behalf of such courts.
(d) Family Law Matter. A matter governed by the Florida Family Law Rules of Procedure.
(e) Lower Tribunal. The court, agency, officer, board, commission, judge of compensation claims, or body whose order is to be reviewed.
(f) Order. A decision, order, judgment, decree, or rule of a lower tribunal, excluding minutes and minute book entries.
(g) Parties.
(1) Appellant. A party who seeks to invoke the appeal jurisdiction of a court.
(2) Appellee. Every party in the proceeding in the lower tribunal other than an appellant.
(3) Petitioner. A party who seeks an order under rule 9.100 or rule 9.120.
(4) Respondent. Every other party in a proceeding brought by a petitioner.
(h) Rendition (of an Order). An order is rendered when a signed, written order is filed with the clerk of the lower tribunal. However, unless another applicable rule of procedure specifically provides to the contrary, if a final order has been entered and there has been filed in the lower tribunal an authorized and timely motion for new trial, for rehearing, for clarification, -for certification, to alter or amend, for judgment in accordance with prior motion for directed verdict, for arrest of judgment, to challenge the verdict, to correct a sentence or order of probation pursuant to Florida Rule of Criminal Procedure 3.800(b)(1), to withdraw a plea after sentencing pursuant to Florida Rule of Criminal Procedure 3.170(£), or to vacate an order based upon the recommendations of a hearing officer in accordance with Florida Family Law Rule of Procedure 12.491, the following exceptions apply:
(1) If such a motion or motions have been filed, the final order shall not be deemed rendered with respect to any claim between the movant and any party against whom relief is sought by the motion or motions until the filing of a signed, written order disposing of all such motions between such parties.
(2) If such a motion or motions have been filed, a signed, written order granting a new trial shall be deemed rendered when filed with the clerk, notwithstanding that other such motions may remain pending at the time.
(3) If such a motion or motions have been filed and a notice of appeal is filed before the filing of a signed, written order disposing of all such motions, all motions filed by the appealing party that are pending at the time shall be deemed abandoned, and the final order shall be deemed rendered by the filing of the notice of *207 appeal as to all claims between parties who then have no such motions pending between them. However, a pending motion to correct a sentence or order of probation or a motion to withdraw the plea after sentencing shall not be affected by the filing of a notice of appeal from a judgment of guilt. In such instance, the notice of appeal shall be treated as prematurely filed and the appeal held in abeyance until the filing of a signed, written order disposing of such motion.
© Rendition of an Appellate Order. If any timely and authorized motion under rule 9.330 or 9.331 is filed, the order shall not be deemed rendered as to any party until all of the motions are either abandoned or resolved by the filing of a written order.
Committee Notes
1977 Amendment. This rule supersedes former rule 1.3. Throughout these rules the defined terms have been used in their technical sense only, and are not intended to alter substantive law. Instances may arise in which the context of the rule requires a different meaning for a defined term, but these should be rare.
The term “administrative action” is new and has been defined to make clear the application of these rules to judicial review of administrative agency action. This definition was not intended to conflict with the Administrative Procedure Act, chapter 120, Florida Statutes (1975), but was intended to include all administrative agency action as defined in the Administrative Procedure Act. The reference to municipalities is not intended to conflict with article VIII, section 1(a), Florida Constitution, which makes counties the only political subdivisions of the state.
. The term “clerk” retains the substance of the term “clerk” defined in the former rules. This term includes the person who in fact maintains records of proceedings in the lower tribunal if no person is specifically and officially given that duty.
The term “court” retains the substance of the term “court” defined in the former rules, but has been modified to recognize the authority delegated to the chief justice of the supreme court and the chief judges of the district courts of appeal. This definition was not intended to broaden' the scope of these rules in regard to the administrative responsibilities of the mentioned judicial officers. The term is used in these rules to designate the court to which a proceeding governed by these rules is taken. If supreme court review of a district court of appeal decision is involved, the district' court of appeal is the “lower tribunal.”
The term “lower tribunal” includes courts and administrative agencies. It replaces the terms “commission,” “board,” and “lower court” defined in the former rules.
The term “order” has been broadly defined to include all final and interlocutory rulings of a lower tribunal and rules adopted by an administrative agency. Minute book entries, are excluded from the definition in recognition of the decision in Employers’ Fire Ins. Co. v. Continental Ins. Co., 326 So.2d 177 (Fla.1976). It was intended that this rule encourage the entry of written orders in every case.
The terms “appellant,” “appellee,” “petitioner,” and “respondent” have been defined according to the rule applicable to a particular proceeding and generally not according to the legal nature of the proceeding before the court. The term “appellee” has been defined to include the parties against whom relief is sought and all others necessary to the cause. This rule supersedes all statutes concerning the same subject matter, such as section 924.03, Florida Statutes (1975). It should be not *208 ed that if a certiorari proceeding is specifically governed by a rule that only refers to “appellant” and “appellee,” a “petitioner” and “respondent” should proceed as if they were “appellant” and “appellee,” respectively. For example, certiorari proceedings in the supreme court involving the Public Service Commission and Industrial Relations Commission are specifically governed by rule 9.110 even though that rule only refers to “appellant” and “appellee.” The parties in such a certiorari proceeding remain designated as “petitioner” and “respondent,” because as a matter of substantive law the party invoking the court’s jurisdiction is seeking a writ of certiorari. The same is true of rule 9.200 governing the record in such certiorari proceedings.
The term “rendition” has been simplified and unnecessary language deleted. The filing requirement of the definition was not intended to conflict with the substantive right of review guaranteed by the Administrative Procedure Act, section 120.68(1), Florida Statutes (Supp. 1976), but to set a point from which certain procedural times could be measured. Motions that postpone the date of rendition have been narrowly limited to prevent deliberate delaying tactics. To postpone rendition the motion must be timely, authorized, and one of those listed. However, if the lower tribunal is an administrative agency whose rules of practice denominate motions identical to those listed by a different label, the substance of the motion controls and rendition is postponed accordingly.
The definition of “legal holiday” has been eliminated but its substance has been retained in rule 9.420(e).
The term “bond” is defined in rule 9.310(c)(1).
Terms defined in the former rules and not defined here are intended to have their ordinary meanings in accordance with the context of these rules.
1992 Amendment. Subdivision (a) has been amended to reflect properly that deputy commissioners presently are designated as judges of compensation claims.
Subdivision (g) has been rewritten extensively. The first change in this rule was to ensure that an authorized motion for clarification (such as under rule 9.330) was included in those types of motions that delay rendition.
Subdivision (g) also has been revised in several respects to clarify some problems presented by the generality of the prior definition of “rendition.” Although rendition is postponed in most types of cases by the filing of timely and authorized post-judgment motions, some rules of procedure explicitly provide to the contrary. The subdivision therefore has been qualified to provide that conflicting rules shall control over the general rule stated in the subdivision. See In Re Interest of E.P., 544 So.2d 1000 (Fla.1989). The subdivision also has been revised to make explicit a qualification of long standing in the deci-sional law, that rendition of non-final orders cannot be postponed by motions directed to them. Not all final orders are subject to postponement of rendition, however. Rendition of a final order can be postponed only by an “authorized” motion, and whether any of the listed motions is an “authorized” motion depends on the rules of procedure governing the proceeding in which the final order is entered. See Francisco v. Victoria Marine Shipping, Inc., 486 So.2d 1386 (Fla. 3d DCA 1986), review denied 494 So.2d 1153.
Subdivision (g)(1) has been added to clarify the date of rendition when post-judgment motions have been filed. If there is only 1 plaintiff and 1 defendant in the case, the filing of a post-judgment motion or motions by either party (or both *209 parties) will postpone rendition of the entire final order as to all claims between the parties. If there are multiple parties on either or both sides of the case and less than all parties file post-judgment motions, rendition of the final order will be postponed as to all claims between moving parties and parties moved against, but rendition will not be postponed with respect to claims disposed of in the final order between parties who have no post-judgment motions pending between them with respect to any of those claims. See, e.g., Phillips v. Ostrer, 442 So.2d 1084 (Fla. 3d DCA 1983).
Ideally, all post-judgment motions should be disposed of at the same time. See Winn-Dixie Stores, Inc. v. Robinson, 472 So.2d 722 (Fla.1985). If that occurs, the final order is deemed rendered as to all claims when the order disposing of the motions is filed with the clerk. If all motions are not disposed of at the same time, the final order is deemed rendered as to all claims between a moving party and a party moved against when the written order disposing of the last remaining motion addressed to those claims is filed with the clerk, notwithstanding that other motions filed by co-parties may remain pending. If such motions remain, the date of rendition with respect to the claims between the parties involved in those motions shall be determined in the same way.
Subdivision (g)(2) has been added to govern the special circumstance that arises when rendition of a final order has been postponed initially by post-judgment motions, and a motion for new trial then is granted. If the new trial has been granted simply as an alternative to a new- final order, the appeal will be from the new final order. However, if a new trial alone has been ordered, the appeal will be from the new trial order. See rule 9.110. According to the decisional law, rendition of such an order is not postponed by the pendency of any additional, previously filed post-judgment motions, nor can rendition of such an order be postponed by the filing of any further motion. See Frazier v. Seaboard System Railroad, Inc., 508 So.2d 345 (Fla.1987). To ensure that subdivision (g)(1) is not read as a modification of this special rule, subdivision (g)(2) has been added to make it clear that a separately appealable new trial order is deemed rendered when filed, notwithstanding that other post-judgment motions directed to the initial final order, may remain pending at the time.
Subdivision (g)(3) has been added to clarify the confusion generated by a dictum in Williams v. State, 324 So.2d 74 (Fla.1975), which appeared contrary to the settled rule that post-judgment motions were considered abandoned by a party who filed a notice of appeal before their disposition. See In Re: Forfeiture of $104,591 in U.S. Currency, 578 So.2d 727 (Fla. 3d DCA 1991). The new subdivision confirms that rule, and provides that the final order is rendered as to the appealing party when the notice of appeal is filed. Although the final order is rendered as to the appealing party, it is not rendered as to any other party whose post-judgment motions are pending when the notice of appeal is filed.
1996 Amendment. Subdivision (a) was amended to reflect the current state of the law. When the term “administrative action” is used in the Florida Rules of Appellate Procedure, it encompasses proceedings under the Administrative Procedure Act, quasi-judicial proceedings before local government agencies, boards, and commissions, and administrative action for which judicial review is provided by general law.
Addition of language in subdivision (i) is intended to toll the time for the filing of a notice of appeal until the resolution of a *210 timely filed motion to vacate when an order has been entered based on the recommendation of a hearing officer in a family law matter. Under the prior rules, a motion to vacate was not an authorized motion to toll the time for the filing of an appeal, and too often the motion to vacate could not be heard within 30 days of the rendition of the order. This rule change permits the lower tribunal to complete its review prior to the time an appeal must be filed.
2000 Amendment. The text of subdivision (i) was moved into the main body of subdivision (h) to retain consistency in the definitional portions of the rule.
Court Commentary
1996 Amendment. Subdivision (h) was amended to ensure that a motion to correct sentence or order of probation and a motion to withdraw the plea after sentencing would postpone rendition. Subdivision (h)(3) was amended to explain that such a motion is not waived by an appeal from a judgment of guilt.
RULE 9.030. JURISDICTION OF COURTS
(a) Jurisdiction of Supreme Court.
(1) Appeal Jurisdiction.
(A) The supreme court shall review, by appeal
(i) final orders of courts imposing sentences of death;1
(ii) decisions of district courts of appeal declaring invalid a state statute or a provision of the state constitution.2
(B) If provided by general law, the supreme court shall review
(i) by appeal final orders entered in proceedings for the validation of bonds or certificates of indebtedness;3
(ii) action of statewide agencies relating to rates or service of utilities providing electric, gas, or telephone service.4
(2) Discretionary Jurisdiction. The discretionary jurisdiction of the supreme court may be sought to review
(A) decisions of district courts of appeal that5
(i) expressly declare valid a state statute;
(ii) expressly construe a provision of the state or federal constitution;
(iii) expressly affect a class of constitutional or state officers;
(iv) expressly and directly conflict with a decision of another district court of appeal or of the supreme court on the same question of law;
(v) pass upon a question certified to be of great public importance;
(vi) are certified to be in direct conflict with decisions of other district courts of appeal;
(B) orders and judgments of trial courts certified by the district court of appeal in which the appeal is pending to require immediate resolution by the supreme court, and6
(i) to be of great public importance, or
(ii) to have a great effect on the proper administration of justice;
(C) questions of law certified by the Supreme Court of the United States or a United States court of appeals that are determinative of the cause of action and for which there is no controlling precedent of the Supreme Court of Florida.7
(3) Original Jurisdiction. The supreme court may issue writs of prohibition to courts and all writs necessary to the complete exercise of its jurisdiction, and may issue writs of mandamus and quo warranto to state officers and state agencies. The supreme court or any justice *211 may issue writs of habeas corpus returnable before the supreme ■ court or any justice, a district court of appeal or any judge thereof, or any circuit judge.8
(b) Jurisdiction of District Courts of Appeal.
(1) Appeal Jurisdiction. District courts of appeal shall review, by appeal
(A) final orders of trial courts,1’-2 not directly reviewable by the supreme court or a circuit court?, including county court final orders declaring invalid a state statute or provision of the state constitution;
(B) non-final orders of circuit courts as prescribed by rule 9.130;9
(C) administrative action if provided by general law.2
(2) Certiorari Jurisdiction.8 The cer-tiorari jurisdiction of district courts of appeal may be sought to review
(A) non-final orders of lower tribunals other than as prescribed by rule 9.130;
(B) final orders of circuit courts acting in their review capacity.
(3) Original Jurisdiction.8 District courts of appeal may issue writs of mandamus, prohibition, quo warranto, and common law certiorari, and all writs necessary to the complete exercise of the courts’ jurisdiction; or any judge thereof may issue writs of habeas corpus returnable before the court or any judge thereof, or before any circuit judge within the territorial jurisdiction of the court.
(4) Discretionary Review.10 District courts of appeal, in their discretion, may review by appeal
(A) final orders of the county court, otherwise appealable to the circuit court under these rules, that the county court has certified to be of great public importance;
(B) non-final orders, otherwise ap-pealable to the circuit court under rule 9.140(c), that the county court has certified to be of great public importance.
(c) Jurisdiction of Circuit Courts.
(1) Appeal Jurisdiction. The circuit courts shall review, by appeal
(A) final orders of lower tribunals as provided by general law; 2
(B) non-final orders of lower tribunals as provided by general law;
(C) administrative action if provided by general law.
(2) Certiorari Jurisdiction.8 The cer-tiorari jurisdiction of circuit courts may be sought to review non-final orders of lower tribunals other than as prescribed by rale 9.130.
(3) Original Jurisdiction.8 Circuit courts may issue writs of mandamus, prohibition, quo warranto, common law certio-rari, and habeas corpus, and all writs necessary to the complete exercise of the courts’ jurisdiction.
1. 9.140: Appeal Proceedings in Criminal Cases.
2. 9.110: Appeal Proceedings: Pinal Orders. .
3. 9.110(1): Validation of Bonds.
4. 9.110: Appeal Proceedings: Final 'Orders; 9.100: Original Proceedings.
5. 9.120: Discretionary Review of District Court • Decisions.
6. 9.125: Discretionary Review of Trial Court Orders and Judgments Certified by the District Court.
7. 9.150: Certified Questions from Federal Courts.
8. 9.100: Original Proceedings.
9. 9.130: Appeal Proceedings: Non-Final Orders.
10.9.160: Discretionary Review of County Court Decisions.
Committee Notes
1977 Amendment. This rale replaces former rales 2.1(a)(5) and 2.2(a)(4). It sets forth the jurisdiction -of the supreme court, district courts of appeal, and that portion of the jurisdiction of the circuit courts to which these rules apply. It paraphrases sections 3(b), 4(b), and, in relevant part, 5(b) of article V of the Florida Constitution. The items stating the certiorari jurisdiction of the supreme court and district *212 courts of appeal refer to the constitutional jurisdiction popularly known as the “constitutional certiorari” jurisdiction of the supreme court and “common law certiorari” jurisdiction of the district courts of appeal. This rule is not intended to affect the substantive law governing the jurisdiction of any court and should not be considered as authority for the resolution of disputes concerning any court’s jurisdiction. Its purpose is to provide a tool of reference to the practitioner so that ready reference may be made to the specific procedural rule or rules governing a particular proceeding. Footnote references have been made to the rule or rules governing proceedings invoking the listed areas of jurisdiction.
This rule does not set forth the basis for the issuance of advisory opinions by the supreme court to the governor because the power to advise rests with the justices under article IV, section 1(c), Florida Constitution, and not the supreme court as a body. The procedure governing requests from the governor for advice are set forth in rule 9.500.
The advisory committee considered and rejected as unwise a proposal to permit the chief judge of each judicial circuit to modify the applicability of these rules to that particular circuit. These rules may be modified in a particular case, of course, by an agreed joint motion of the parties granted by the court so long as the change does not affect jurisdiction.
1980 Amendment. Subdivision (a) of this rule has been extensively revised to reflect the constitutional modifications in the supreme court’s jurisdiction as approved by the electorate on March 11, 1980. See art. V, § 3(b), Fla. Const. (1980). The impetus for these modifications was a burgeoning caseload and the attendant need to make more efficient use of limited appellate resources. Consistent with this purpose, revised subdivision (a) limits the supreme court’s appellate, discretionary, and original jurisdiction to cases that substantially affect the law of the state. The district courts of appeal will constitute the courts of last resort for the vast majority of litigants under amended article V.
Subdivision (a)(1)(A)© retains the mandatory appellate jurisdiction of the supreme court to review final orders of trial courts imposing death sentences.
Subdivision (a)(l)(A)(ii) has been substantively changed in accordance with amended article V, section 3(b)(1), Florida Constitution (1980), to eliminate the court’s mandatory appellate review of final orders of trial courts and decisions of district courts of appeal initially and directly passing on the validity of a state statute or a federal statute or treaty, or construing a provision of the state or federal constitution. Mandatory supreme court review under this subdivision is now limited to district court decisions “declaring invalid” a state statute or a provision of the state constitution. Jurisdiction to review final orders of trial courts in all instances enumerated in former subdivision (a)(l)(A)(ii) now reposes in the appropriate district court of appeal.
Revised subdivision (a)(1)(B) enumerates the 2 classes of cases that the supreme court may review if provided by general law. See art. V, § 3(b)(2), Fla. Const. (1980). Eliminated from the amended article V and rule is the legislative authority, never exercised, to require supreme court review of trial court orders imposing sentences of life imprisonment.
Subdivision (a)(1)(B)®, pertaining to bond validation proceedings, replaces former subdivision (a)(l)(B)(ii). Its phraseology remains unchanged. Enabling legislation already exists for supreme court *213 review of bond validation proceedings. See § 75.08, Fla. Stat. (1979).
Subdivision (a)(l)(B)(ii) is new. See art. V, § 3(b)(2), Fla. Const. (1980). Under the earlier constitutional scheme, the supreme court was vested with certiorari jurisdiction (which in practice was always exercised) to review orders of “commissions established by general law having statewide jurisdiction,” including orders of the Florida Public Service Commission. See art. V, § 3(b)(3), Fla. Const. (1968); § 350.641, Fla. Stat. (1979). This jurisdiction has been abolished. In its stead, amended article V limits the supreme court’s review of Public Service Commission orders to those “relating to rates or services of utilities providing electric, gas, or telephone service.” Enabling legislation will be required to effectuate this jurisdiction. Review of Public Service Commission orders other than those relating to electric, gas, or utility cases now reposes in the appropriate district court of appeal. See art. V, § 4(b)(2), Fla. Const. (1968); Fla. R.App. P. 9.030(b)(1)(C); and § 120.68(2), Fla. Stat. (1979).
Subdivision (a)(2) has been substantially revised in accordance with amended article V, section 3(b)(3), Florida Constitution (1980), to restrict the scope of review under the supreme court’s discretionary jurisdiction. Under the earlier constitution, this jurisdiction was exercised by writ of certiorari. Constitutional certiorari is abolished under amended article V. Reflecting this change, revised subdivision (a)(2) of this rule substitutes the phrase “discretionary jurisdiction” for “certiorari jurisdiction” in the predecessor rule. This discretionary jurisdiction is restricted, moreover, to 6 designated categories of district court decisions, discussed below. Amended article V eliminates the supreme court’s discretionary power to review “any interlocutory order passing upon a matter which upon final judgment would be directly appealable to the Supreme Court” as reflected in subdivision (a)(2)(B) of the predecessor rule. It also eliminates the supreme court’s certiorari review of “commissions established by general law having statewide jurisdiction” as reflected in subdivision (a)(2)(C) of the predecessor rule.
Subdivision (a)(2)(A) specifies the 6 categories of district court decisions reviewable by the supreme court under its discretionary jurisdiction.
Subdivisions (a)(2)(A)® and (a)(2)(A)(ii) are new and pertain to matters formerly reviewable under the court’s mandatory appellate jurisdiction. Under former rule 9.030(a)(l)(A)(ii), the supreme court’s mandatory appellate jurisdiction could be invoked if a lower tribunal “inherently” declared a statute valid. See Harrell’s Candy Kitchen, Inc. v. Sarasota-Manatee Airport Auth., 111 So.2d 439 (Fla.1959). The 1980 amendments to article V and this subdivision require a district court to “expressly declare” a state statute valid before the supreme court’s discretionary jurisdiction may be invoked.
Subdivision (a)(2)(A)(iii), pertaining to supreme court review of district court decisions affecting a class of constitutional or state officers, has been renumbered. It tracks the language of the predecessor constitution and rule, with the addition of the restrictive word “expressly” found in amended article V.
Subdivision (a)(2)(A)(iv) represents the most radical change in the supreme court’s discretionary jurisdiction. The predecessor article V vested the supreme court with power to review district court decisions “in direct conflict with a decision of any district court of appeal or of the Supreme Court on the same point of law.” These cases comprised the overwhelming bulk of the court’s caseload and gave rise to an intricate body of case law interpret *214 ing the requirements for discretionary conflict review. With the enunciation of the “record proper rule” in Foley v. Weaver Drugs, Inc., 177 So.2d 221 (Fla.1965), the supreme court extended its discretionary review in instances of discernible conflict to district court decisions affirming without opinion the orders of trial courts. Amended article V abolishes the Foley doctrine by requiring an “express” as well as a “direct” conflict of district court decisions as a prerequisite to supreme court review. The new article also terminates supreme court jurisdiction over purely in-tradistrict conflicts, the resolution of which is addressed in rule 9.331.
Subdivision (a)(2)(A)(v) substitutes the phrase “great public importance” for “great public interest” in the predecessor constitution and rule. The change was to recognize the fact that some legal issues may have “great public importance,” but may not be sufficiently known by the public to have “great public interest.”
Subdivision (a)(2)(A)(vi) is new and tracks the language of article V, section 3(b)(4), Florida Constitution (1980).
Subdivisions (a)(2)(B) and (a)(2)(C) are new. See art. V, §§ 3(b)(5), (3)(b)(6), Fla. Const. (1980). Certification procedures under these subdivisions are addressed in rule 9.125 and rule 9.150, respectively.
Subdivision (a)(3) is identical to the predecessor article V and rule, except it limits the issuance of writs of prohibition to “courts” rather than “courts and commissions” and limits the issuance of writs of mandamus and quo warranto to “state agencies” rather than “agencies.”
1984 Amendment. Subdivision (b)(4) was added to implement legislation authorizing district courts of appeal discretion to review by appeal orders and judgments of county courts certified to be of great public importance.
1992 Amendment. Subdivision (c)(1)(B) was amended to reflect correctly that the appellate jurisdiction of circuit courts extended to all non-final orders of lower tribunals as prescribed by rule 9.130, and not only those defined in subdivision (a)(3) of that rule.
Subdivision (c)(1)(C) was amended to reflect the jurisdiction conferred on circuit courts by article V, section 5, Florida Constitution, which provides that “[t]hey shall have the power of direct review of administrative action prescribed by general law.”
2000 Amendment. Subdivision (c)(1)(B) was amended to reflect that the appellate jurisdiction of circuit courts is prescribed by general law and not by rule 9.130, as clarified in Blore v. Fierro, 636 So.2d 1329 (Fla.1994).
RULE 9.130. PROCEEDINGS TO REVIEW NON-FINAL ORDERS AND SPECIFIED FINAL ORDERS
(a) Applicability.
' (1) This rule applies to appeals to the district courts of appeal of the non-final orders authorized herein and to appeals to the circuit court of non-final orders when provided by general law. Review of other non-final orders in such courts and non-final administrative action shall be by the method prescribed by rule 9.100.
(2) Appeals of non-final orders in criminal cases shall be as prescribed by rule 9.140.
(3) Appeals to the district courts of appeal of non-final orders are limited to those that
(A) concern venue;
(B) grant, continue, modify, deny, or dissolve injunctions, or refuse to modify or dissolve injunctions;
(C) determine
(i) the jurisdiction of the person;
*215 (ii) the right to immediate possession of property;
(iii) the right to immediate monetary relief or child custody in family law matters;
(iv) the entitlement of a party to arbitration;
(v) that, as a matter of law, a party is not entitled to workers’ compensation immunity;
(vi) that a class should be certified; or
(vii) that, as a matter of law, a party is not entitled to absolute or qualified immunity in a civil rights claim arising under federal law; or
(viii) that a governmental entity has taken action that has inordinately burdened real property within the meaning of section 70.001(6)(a), Florida Statutes.
(D) grant or deny the appointment of a receiver, and terminate or refuse to terminate a receivership.
(4) Non-final orders entered after final order on motions that suspend rendition are not reviewable; provided that orders granting motions for new trial in jury and non-jury cases are reviewable by the method prescribed in rule 9.110. Other non-final orders entered after final order on authorized motions are reviewable by the method prescribed by this rule.
(5) Orders entered on motions filed under Florida Rule of Civil Procedure 1.540, Small Claims Rule 7.190, Rule of Juvenile Procedure 8.270, and Florida Family Law Rule of Procedure 12.540 are reviewable by the method prescribed by this rule.
(6) Orders that deny motions to certify a class may be reviewed by the method prescribed by this rule.
(b) Commencement. The jurisdiction to seek review of orders described in subdivisions (a)(3)-(a)(6) shall be invoked by filing 2 copies of a notice, accompanied by the filing fees prescribed by law, with the clerk of the lower tribunal within 30 days of rendition of the order to be reviewed.
(c) Notice. The notice, designated as a notice of appeal of non-final order, shall be substantially in the form prescribed by rule 9.900(c). Except in criminal cases, a conformed copy of the order or orders designated in the notice of appeal shall be attached to the notice.
(d) Record. A record shall not be transmitted to the court unless ordered.
(e) Briefs. Appellant’s initial brief, accompanied by an appendix as prescribed by rule 9.220, shall be served within 15 days of filing the notice. Additional briefs shall be served as prescribed by rule 9.210.
(f) Stay of Proceedings. In the absence of a stay, during the pendency of a review of a non-final order, the lower tribunal may proceed with all matters, including trial or final hearing; provided that the lower tribunal may not render a final order disposing of the cause pending such review.
(g) Review on Full Appeal. This rule shall not preclude initial review of a non-final order on appeal from the final order in the cause.
(h) Scope of Review. Multiple non-final orders that are listed in rule 9.130(a)(3) may be reviewed by a single notice if the notice is timely filed as to each such order.
Committee Notes
1977 Amendment. This rule replaces former rule 4.2 and substantially alters current practice. This rule applies to review of all non-final orders, except those entered in criminal cases, and those specifically governed by rules 9.100 and 9.110.
The advisory committee was aware that the common law writ of certiorari is avail *216 able at any time and did not intend to abolish that writ. However, because that writ provides a remedy only if the petitioner meets the heavy burden of showing that a clear departure from the essential requirements of law has resulted in otherwise irreparable harm, it is extremely rare that erroneous interlocutory rulings can be corrected by resort to common law certio-rari. It is anticipated that because the most urgent interlocutory orders are ap-pealable under this rule, there will be very few cases in which common law certiorari will provide relief. See Taylor v. Board of Pub. Instruction, 131 So.2d 504 (Fla. 1st DCA 1961).
Subdivision (a)(3) designates certain instances in which interlocutory appeals may be prosecuted under the procedures set forth in this rule. Under these rules there are no mandatory interlocutory appeals. This rule eliminates interlocutory appeals as a matter of right from all orders “formerly cognizable in equity,” and provides for review of certain interlocutory orders based on the necessity or desirability of expeditious review. Allowable interlocutory appeals from orders in actions formerly cognizable as civil actions are specified, and are essentially the same as under former rule 4.2. Item (A) permits review of orders concerning venue. Item (C)(i) has been limited to jurisdiction over the person because the writ of prohibition provides an adequate remedy in cases involving jurisdiction of the subject matter. Because the purpose of these items is to eliminate useless labor, the advisory committee is of the view that stays of proceedings in lower tribunals should be liberally granted if the interlocutory appeal involves venue or jurisdiction over the person. Because this rule only applies to civil cases, item (C)(ii) does not include within its ambit rulings on motions to suppress seized evidence in criminal cases. Item (C)(ii) is intended to apply whether the property involved is real or personal. It applies to such cases as condemnation suits in which a condemnor is permitted to take possession and title to real property in advance of final judgment. See ch. 74, Fla. Stat. (1975). Item (C)(iii) is intended to apply to such matters as temporary child custody or support, alimony, suit money, and attorneys’ fees. Item (C)(iv) allows appeals from interlocutory orders that determine liability in favor of a claimant.
Subdivision (a)(4) grants a right of review if the lower tribunal grants a motion for new trial whether in a jury or non-jury case. The procedures set forth in rule 9.110, and not those set forth in this rule, apply in such eases. This rule has been phrased so that the granting of rehearing in a non-jury case under Florida Rule of Civil Procedure 1.530 may not be the subject of an interlocutory appeal unless the trial judge orders the taking of evidence. Other non-final orders that postpone rendition are not reviewable in an independent proceeding. Other non-final orders entered by a lower tribunal after final order are reviewable and are to be governed by this rule. Such orders include, for example, an order granting a motion to vacate default.
Subdivision (a)(5) grants a right of review of orders on motions seeking relief from a previous court order on the grounds of mistake, fraud, satisfaction of judgment, or other grounds listed in Florida Rule of Civil Procedure 1.540.
Subdivision (a)(6) provides that interlocutory review is to be in the court that would have jurisdiction to review the final order in the cause as of the time of the interlocutory appeal.
Subdivisions (b) and (c) state the manner for commencing an interlocutory appeal governed by this rule. Two copies of the notice must be filed with the clerk of *217 the lower tribunal within 30 days of rendition of the order. Under rule 9.040(g) the notice and fee must be transmitted immediately to the court by the clerk of the lower tribunal.
Subdivision (d) provides for transmittal of the record only on order of the court. Transmittal should be in accordance with instructions contained in the order.
Subdivision (e) replaces former rule 4.2(e) and governs the service of briefs on interlocutory appeals. The time to serve the appellant’s brief has been reduced to 15 days so as to minimize interruption of lower tribunal proceedings. The brief must be accompanied by an appendix containing a conformed copy of the order to be reviewed and should also contain all relevant portions of the record.
Subdivision (f) makes clear that unless a stay is granted under rule 9.310, the lower tribunal is only divested of jurisdiction to enter a final order disposing of the case. This follows the historical rule that trial courts are divested of jurisdiction only to the extent that their actions are under review by an appellate court. Thus, the lower tribunal has jurisdiction to proceed with matters not before the court. This rule is intended to resolve the confusion spawned by De la Portilla v. De la Portilla, 304 So.2d 116 (Fla.1974), and its progeny.
Subdivision (g) was embodied in former rule 4.2(a) and is intended to make clear that the failure to take an interlocutory appeal does not constitute a waiver of any sort on appeal of a final judgment, although an improper ruling might not then constitute prejudicial error warranting reversal.
1992 Amendment. Subdivisions (a)(3)(C)(vii) and (a)(6) were added to permit appeals from non-final orders that either granted or denied a party’s request that a class be certified. The committee was of the opinion that orders determining the nature of an action and the extent of the parties before the court were analogous to other orders reviewable under rule 9.130. Therefore, these 2 subdivisions were added to the other limited enumeration of orders appealable by the procedures established in this rule.
Subdivision (a)(3)(D) was added by the committee in response to the decision in Twin Jay Chambers Partnership v. Suarez, 556 So.2d 781 (Fla. 2d DCA 1990). It was the opinion of the committee that orders that deny the appointment of receivers or terminate or refuse to terminate receiverships are of the same quality as those that grant the appointment of a receiver. Rather than base the appealability of such orders on subdivision (a)(3)(C)(ii), the committee felt it preferable to specifically identify those orders with respect to a receivership that were non-final orders subject to appeal by this rule.
Subdivision (c) was amended to require the attachment of a conformed copy of the order or orders designated in the notice of appeal consistent with the amendment to rule 9.110(d).
1996 Amendment. The amendment to subdivision (a)(3)(C)(vi) moves the phrase “as a matter of law” from the end of the subdivision to its beginning. This is to resolve the confusion evidenced in Breakers Palm Beach v. Gloger, 646 So.2d 237 (Fla. 4th DCA 1994), City of Lake Mary v. Franklin, 668 So.2d 712 (Fla. 5th DCA 1996), and their progeny by clarifying that this subdivision was not intended to grant a right of nonfinal review if the lower tribunal denies a motion for summary judgment based on the existence of a material fact dispute.
Subdivision (a)(3)(C)(viii) was added in response to the supreme court’s request in Tucker v. Resha, 648 So.2d 1187 (Fla. *218 1994). The court directed the committee to propose a new- rule regarding procedures for appeal of orders denying immunity in federal civil rights cases consistent with federal procedure. Compare Johnson v. Jones, 515 U.S. 804, 115 S.Ct. 2151, 132 L.Ed.2d 288 (1995), with Mitchell v. Forsyth, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). The Florida Supreme Court held that such orders are “subject to interlocutory review to the extent that the order turns on an issue of law.”
2000 Amendment. The title to this rule was amended to reflect that some of the review proceedings specified in this rule may involve review of final orders.
Subdivision (a)(1) was amended to reflect that the appellate jurisdiction of circuit courts is prescribed by general law and not by this rule, as clarified in Blore v. Fierro, 636 So.2d 1329 (Fla.1994).
Subdivision (a)(3)(C)(iv) allowing review of orders determining “the issue of liability in favor of a party seeking affirmative relief’ was deleted so that such orders are not appealable until the conclusion of the case.
Subdivision (a)(7) was deleted because it is superseded by proposed rule 9.040(b)(2), which determines the appropriate court to review non-final orders after a change of venue.
RULE 9.142. PROCEDURES FOR REVIEW IN DEATH PENALTY CASES
(a) Procedure in Death Penalty Appeals.
(1) Record. When the notice of appeal is filed in the supreme court, the chief justice will direct the appropriate chief judge of the circuit court to monitor the preparation of the complete record for timely filing in the supreme court.
(2) Briefs; Transcripts. After the record is filed, the clerk will promptly establish a briefing schedule allowing the defendant 60 days from the date the record is filed, the state 45 days from the date the defendant’s brief is served, and the defendant 30 days from the date the state’s brief is served to serve their respective briefs. On appeals from orders ruling on applications for relief under Florida Rule of Criminal Procedure 3.851 or 3.853, and on resentencing matters, the schedules set forth in rale 9.140(g) will control. In addition to filing paper copies of transcripts, the court reporter shall file with the clerk of the lower tribunal, on clearly labeled computer disks in a format approved by the supreme court, sufficient copies of these transcripts for the clerk of the lower tribunal to include the disks in the record transmitted to the court and to the parties.
(3) Sanctions. If any brief is delinquent, an order to show cause may issue under Florida Rule of Criminal Procedure 3.840, and sanctions may be imposed.
(4) Oral Argument. Oral argument will be scheduled after the filing of the defendant’s reply brief.
(5) Petitions for Extraordinary Relief. In death penalty cases, all petitions for extraordinary relief over which the supreme court has original jurisdiction, including petitions for writ of habeas corpus, shall be filed simultaneously with the initial brief in the appeal from the lower tribunal’s order on the defendant’s application for relief under Florida Rule of Criminal Procedure 3.851.
(6) Scope of Review. In death penalty cases, whether or not insufficiency of the evidence or proportionality is an issue presented for review, the court shall review the evidence to determlne-if the interest of justice requires- a -new-trial — 1whether or not insufficiency of the evidence is an issue-presented for reviewthese issues and, *219 if necessary, remand for the appropriate relief.
(b) Petition Seeking Review of Nonfi-nal Orders in Death Penalty Postconviction Proceedings.
(1) Applicability. This rule applies to proceedings that invoke the jurisdiction of the supreme court for review of nonfinal orders issued in postconviction proceedings following the imposition of the death penalty.
(2) Treatment as Original Proceedings. Review proceedings under this subdivision shall be treated as original proceedings under rule 9.100 unless modified by this subdivision.
(3) Commencement; Parties.
(A) Jurisdiction of the supreme court shall be invoked by filing a petition with the clerk of the supreme court within 30 days of rendition of the nonfinal order to be reviewed. A copy of the petition shall be served on the opposing party and furnished to the judge who issued the order to be reviewed.
(B) Either party to the death penalty postconviction proceedings may seek review under this rule.
(4) Contents. The petition shall be in the form prescribed by rule 9.100, and shall contain
(A) the basis for invoking the jurisdiction of the court;
(B) the date and nature of the order sought to be reviewed;
(C) the name of the lower tribunal rendering the order;
(D) the name, disposition, and dates of all previous trial, appellate, and postcon-viction proceedings relating to the conviction and death sentence that are the subject of the proceedings in which the order sought to be reviewed was entered;
(E) the facts on which the petitioner relies, with references to the appropriate pages of the supporting appendix;
(F) argument in support of the petition, including an explanation of why the order departs from the essential requirements of law and how the order may cause material injury for which there is no adequate remedy on appeal, and appropriate citations of authority; and
(G) the nature of the relief sought.
(5) Appendix. The petition shall be accompanied by an appendix, as prescribed by rule 9.220, which shall contain the portions of the record necessary for a determination of the issues presented.
(6) Order to Show Cause. If the petition demonstrates a preliminary basis for relief or a departure from the essential requirements of law that may cause material injury for which there is no adequate remedy by appeal, the court may issue an order directing the respondent to show cause, within the time set by the court, why relief should not be granted.
(7) Response. No response shall be permitted unless ordered by the court.
(8) Reply. Within 20 days after service of the response or such other time set by the court, the petitioner may serve a reply, which shall not exceed 15 pages in length, and supplemental appendix.
(9) Stay.
(A) A stay of proceedings under this rule is not automatic; the party seeking a stay must petition the supreme court for a stay of proceedings.
(B) During the pendency of a review of a nonfinal order, unless a stay is granted by the supreme court, the lower tribunal may proceed with all matters, except that the lower tribunal may not render a final order disposing of the cause pending review of the nonfinal order.
*220 (10) Other pleadings. The parties shall not file any other pleadings, motions, replies, or miscellaneous papers without leave of court.
(11) Time Limitations. Seeking review under this rule shall not extend the time limitations in rule 3.851 or 3.852.
RULE 9.145. APPEAL PROCEEDINGS IN JUVENILE DELINQUENCY CASES
(a) Applicability. Appeal proceedings in juvenile delinquency cases shall be as in rule 9.140 except as modified by this rule.
(b) Appeals by Child. To the extent adversely affected, a child or any parent, legal guardian, or custodian of a child may appeal
(1) an order of adjudication of delinquency or withholding adjudication of delinquency, or any disposition order entered thereon;
(2) orders entered after adjudication or withholding of adjudication of delinquency, including orders revoking or modifying the community control;
(3) an illegal disposition; or
(4) any other final order as provided by law.
(c) Appeals by the State.
(1) Appeals Permitted. The state may appeal an order
(A) dismissing a petition for delinquency or any part of it, if the order is entered before the commencement of an adjudicatory hearing;
(B) suppressing confessions, admissions, or evidence obtained by search and/or seizure before the adjudicatory hearing;
(C) granting a new adjudicatory hearing;
(D) arresting judgment;
(E) discharging a child under Florida Rule of Juvenile Procedure 8.090;
(F) ruling on a question of law if a child appeals an order of disposition;
(G) constituting an illegal disposition;
(H) discharging a child on habeas corpus; or
(I) finding a child incompetent pursuant to the Florida Rules of Juvenile Procedure.
(2) Non-Final State Appeals. If the state appeals a pre-adjudicatory hearing order of the trial court, the notice of appeal must be filed within 15 days of rendition of the order to be reviewed and before commencement of the adjudicatory hearing.
(A) A child in detention whose case is stayed pending state appeal shall be released from detention pending the appeal if the child is charged with an offense that would be bailable if the child were charged as an adult, unless the lower tribunal for good cause stated in an order determines otherwise. The lower tribunal retains discretion to release from detention any child who is not otherwise entitled to release under the provisions of this rule.
(B) If a child has been found incompetent to proceed, any order staying the proceedings on a state appeal shall have no effect on any order entered for the purpose of treatment.
(d) References to Child. The appeal shall be entitled and docketed with the initials, but not the name, of the child and the court case number. All references to the child in briefs, other papers, and the decision of the court shall be by initials.
(e) Confidentiality. All papers shall remain sealed in the office of the clerk of court when not in use by the court, and shall not be open to inspection except by *221 the parties and their counsel, or as other-wise ordered.
Committee Notes
1996 Adoption. Subdivision (c)(2) is intended to make clear that in non-final state appeals, the notice of appeal must be filed before commencement of the adjudicatory hearing. However, the notice of appeal must still be filed within 15 days of rendition of the order to be reviewed as provided by rule 9.140(c)(3). These two rules together provide that when an adjudicatory hearing occurs within 15 days or less of rendition of an order to be reviewed, the notice of appeal must be filed before commencement of the adjudicatory hearing. This rule is not intended to extend the 15 days allowed for filing the notice of appeal as provided by rule 9.140(c)(3).
Subdivision (d) requires the parties to use initials in all references to the child in all briefs and other papers filed in the court in furtherance of the appeal. It does not require the deletion of the name of the child from pleadings or other papers transmitted to the court from the lower tribunal.
RULE 9.180. APPEAL PROCEEDINGS TO REVIEW WORKERS’ COMPENSATION CASES
(a) Applicability. Appellate review of proceedings in workers’ compensation cases shall be as in civil cases except as specifically modified in this rule.
(b) Jurisdiction.
(1) Appeal. The First District Court of Appeal (the court) shall review by appeal any final order, as well as any nonfinal order of a lower tribunal that adjudicates
(A) jurisdiction;
(B) venue; or
(C) compensability, provided that the order expressly finds an injury occurred within the scope and course of employment and that claimant is entitled to receive causally related benefits in some amount, and provided further that the lower tribunal certifies in the order that determination of the exact nature and amount of benefits due to claimant will require substantial expense and time.
(2) Waiver of Review: Abbreviated Final Orders. Unless a request for findings of fact and conclusions of law is timely filed, review by appeal of an abbreviated final order shall be deemed waived. The filing of a timely request tolls the time within which an abbreviated final order becomes final or an appeal may be filed.
(23) Commencement. Jurisdiction of the court shall be invoked by filing two copies of a notice of appeal with the lower tribunal, accompanied by the filing fee prescribed by law unless a verified petition for relief from payment of the fee has been filed with the lower tribunal within 30 days of the date the order to be reviewed is mailed by the lower tribunal to the parties, which date shall be the date of rendition.
(34) Notice of Appeal. The notice shall be substantially in the form prescribed by rule 9.900(a), and shall contain a brief summary of the type of benefits affected, including a statement setting forth the time periods involved which shall be substantially in the following form:
I hereby certify that this appeal affects only the following periods and classifications of benefits and medical treatment:
1. Compensation for .(TTD, TPD, wage loss, impairment benefits, PTD, funeral benefits, or death benefits) . from .(date).... to .(date).
2. Medical benefits.
3. Rehabilitation.
*222 4. Reimbursement from the SDTF for benefits paid from .(date). to .(date).
5. Contribution for benefits paid from .(date).-to.(date).
(4) Notice -to - Division and General Counsel, — The judge of compensation claims-shall send a copy of the notice-and-a certified copy-of-the order-to-the Division of Wor-kers’ Compensafi&n-and to the general counsel for the Department-of-Labor and Employment-Security-.'
(c) Jurisdiction of Lower Tribunal.
(1) Substantive Issues. The lower tribunal retains jurisdiction to decide the issues that have not been adjudicated and are not the subject of pending appellate review.
(2) Settlement. At any time before the record on appeal is filed with the court, the lower tribunal shall have the authority to approve settlements or correct clerical errors in the order appealed.
(3) Relinquishment of Jurisdiction by Court to Consider Settlement. If, after the record on appeal is filed, settlement is reached, the parties shall file a joint motion stating that a settlement has been reached and requesting relinquishment of jurisdiction to the lower tribunal for any necessary approval of the settlement. The court may relinquish jurisdiction for a specified period for entry of an appropriate order. In the event the dDivision of Workers’ Compensation has advanced the costs of preparing the record on appeal or the filing fee, a copy of the joint motion shall be furnished to the division by the appellant.
(A) Notice. On or before the date specified in the order relinquishing jurisdiction, the parties shall file a joint notice of disposition of the settlement with a conformed copy of any order entered on the settlement.
(B) Costs. Any order approving a settlement shall provide where appropriate for the assessment and recovery of appellate costs, including any costs incurred by the division for insolvent appellants.
(d) Benefits Affected. Benefits specifically referenced in the notice of appeal may be withheld as provided by law pending the outcome of the appeal. Otherwise, benefits awarded shall be paid as required by law.
(1) Abandonment. If the appellant or cross-appellant fails to argue entitlement to benefits set forth in the notice of appeal in the appellant’s or cross-appellant’s initial brief, the challenge to such benefits shall be deemed abandoned. If there is a dispute as to whether a challenge to certain benefits has been abandoned, the court upon motion shall make that determination.
(2) Payments of Benefits When Challenged Benefits Are Abandoned. When benefits’ challenged on appeal have been abandoned under- subdivision (d)(1) above, benefits no longer affected by the appeal are payable within 30 days of the service of the brief together with interest as- required under section 440.20, Florida Statutes, from the date of the order of the lower tribunal making the award.
(3) Payment of Benefits After Appeal. If benefits are ordered paid by the court on completion of the appeal, they shall be paid, together with interest as required under section 440.20, Florida Statutes, within 30 days after the court’s mandate. If the order of the court is appealed to the supreme court, benefits determined due by the court may be stayed in accordance with rule 9.310. Benefits ordered paid by the supreme court shall be paid within 30 days of the court’s mandate.
*223 (e) Intervention by Division of Workers’ Compensation.
(1) District Court. Within 30 days feem^of the date of filing a notice or petition invoking the jurisdiction of the court the dDivision of Workers’ Compensation may intervene by filing a notice of intervention as a party appellant/petitioner or appellee/respondent with the court and take positions on any relevant matters.
(2) Supreme Court. If review of an order of the court is sought in the supreme court, the division may intervene in accordance with these rules. The clerk of the supreme court shall provide a copy of the pertinent papers to the division.
(3) Division Not a Party Until Notice to Intervene Is Filed. Until the notice of intervention is filed, the division shall not be considered a party.
(f) Record Contents: Final Orders.
(1) Transcript, Order, and Other Documents. The record shall contain the elaim(s) or petition(s) for benefits, notice(s) of denial, pretrial stipulation, pretrial order, depositions or exhibits admitted into evidence, transcripts of any hearings before the lower tribunal and the order appealed. The parties may designate other items for inclusion in or omission from the record in accordance with rule 9.200.
(2) Proffered Evidence. Evidence proffered but not introduced into evidence at the hearing shall not be considered unless its admissibility is an issue on appeal and the question is properly designated for inclusion in the record by a party.
(3) Certification and Transmittal. The lower tribunal shall certify and transmit the record to the court as prescribed by these rules.
(4) Stipulated Record. The parties may stipulate to the contents of the record. In such a case the record shall consist of the stipulated statement and the order appealed which the lower tribunal shall certify as the record on appeal.
(5) Costs.
(A) Notice of Estimated Costs. Within 5 days after the contents of the record have been determined under these rules, the lower tribunal shall notify the appellant of the estimated cost of preparing the record. The lower tribunal also shall notify the dDivision of Workers’ Compensation of the estimated record costs if the appellant files a verified petition to be relieved of costs and a sworn financial affidavit in substantially the same form as form 4.9125 of the Rules of Workers’ Compensation Procedure.
(B) Deposit of Estimated Costs. Within 15 days after the notice of estimated costs is served, the appellant shall deposit a sum of money equal to the estimated costs with the lower tribunal.
(C) Failure to Deposit Costs. If the appellant fails to deposit the estimated costs within the time prescribed, the lower tribunal shall notify the court, which may dismiss the appeal.
(D) State Agencies: Waiver of Costs. Any self-insured state agency or branch of state government, including the Pdivision of Workers’ Compensation and the Special Disability Trust Fund, need not deposit the estimated costs.
(E) Costs. If additional costs are incurred in correcting, amending, or supplementing the record, the lower tribunal shall assess such costs against the appropriate party. If the division is obligated to pay the costs of the appeal due to appellant’s indigency, it must be given notice of any proceeding to assess additional costs. Within 15 days after the entry of the order assessing costs, the assessed party must deposit the sums so ordered with the lower tribunal. The lower tribunal shall prompt *224 ly notify the court if costs are not deposited as required.
(6) Preparation of Record.
(A) Selection of Reporter by Lower Tribunal. The lower tribunal shall supervise the preparation of the record. The lower tribunal or chief judge of compensation claims shall select the reporter or transcriber to prepare the record. The judge who makes the selection shall give the parties notice of the selection.
(B) Objection to Reporter or Transcriber Selected. Any party may object to the reporter or transcriber selected by filing written objections with the judge who made the selection within-40 15 days after receiving service of notice of the selection. Within 5 days after filing the objection, the judge shall hold a hearing on the issue. In such a case, the time limits mandated by these rules shall be appropriately extended.
(C) Certification of Record by Court Reporter or Transcriber. The reporter or transcriber designated by the lower tribunal or chief judge of compensation claims shall transcribe, certify, and deliver all necessary copies of the record to the lower tribunal as required under these rules. The record shall be delivered in sufficient time for the lower tribunal to review the record and send it to the court. The reporter or transcriber shall promptly notify all parties in writing when the record is delivered to the lower tribunal.
(D) Certification and Transmittal by Lower Tribunal. The lower tribunal shall review the original record, certify that it was prepared in accordance with these rules, and within 60 days of the notice of appeal being filed transmit the record to the court.
(E) Copies. The lower tribunal shall provide a copy of the record to all counsel of record and all unrepresented parties.
(7) Extensions. For good cause, the lower tribunal may extend by no more than 30 days the time for filing the record with the court. Any further extension of time may be granted by the court.
(8) Applicability of Rule 9.200. Rules 9.200(a)(3), (c), and (f) shall apply to preparation of the record in appeals under this rule.
(g) Relief From Filing Fee and Costs: Indigency.
(1) Indigency Defined. Indigency for the purpose of this rule is synonymous with insolvency as defined by section 440.02, Florida Statutes.
(2) Filing Fee.
(A) Authority. An appellant may be relieved of paying filing fees by filing a verified petition or motion of indigency under section 57.081(1), Florida Statutes, with the lower tribunal.
(B) Time. The verified petition or motion of indigency must be filed with the lower tribunal together with the notice of appeal.
(C) Verified Petition: Contents. The verified petition or motion shall contain a statement by the appellant to be relieved of paying filing fees due to indi-gency and appellant’s inability to pay the charges. The petition shall request that the lower tribunal enter an order or certificate of indigency. One of the following shall also be filed in support of the verified petition or motion:
(i) If the appellant is unrepresented by counsel, a financial affidavit; or
(ii) If the appellant is represented by counsel, counsel shall certify that counsel has investigated (a) the appellant’s financial condition and finds appellant indigent; and (b) the nature of appellant’s position and believes it to be meritorious as a mat *225 ter of law. Counsel shall also certify that counsel has not been paid or promised payment of a fee or other remuneration for such legal services except for the amount, if any, ultimately approved by the lower tribunal to be paid by the employer/carrier if such entitlement is determined by the court.
(D) Service. Appellant shall serve a copy of the verified petition or motion of indigency, including appellant’s financial affidavit or counsel’s certificate, whichever is applicable, on all interested parties,-!»-cluding the Division,- general counsel-of the Department of Labor-.and Employment Security,- and the clerk of the court.
(E) Order or Certificate of Indigen-cy. The lower tribunal shall review the verified petition or motion for indigency and supporting documents without a hearing, and if the lower tribunal finds compliance with section 57.081(1), Florida Statutes, may issue a certificate of indigency or enter an order granting said relief, at which time appellant may proceed without further application to the court and without payment of any filing fees. If the lower tribunal enters an order denying relief, appellant shall deposit the filing fee with the lower tribunal within 15 days from the date of the order unless timely review is sought by motion filed with the court.
(3) Costs of Preparation of Record.
(A)Authority. An appellant may be relieved in whole or in part from the costs of the preparation of the record on appeal by filing with the lower tribunal a verified petition to be relieved of costs and a copy of the designation of the record on appeal. The verified petition to be relieved of costs shall contain a sworn financial affidavit as described in subdivision (D) in a form substantially the same as form 4.9125 of the Rules of Workers’ Compensation Procedure.
(B) Time. The verified petition to be relieved of costs must be filed within 15 days after service of the notice of estimated costs. A verified petition filed prior to the date of service of the notice of estimated costs shall be deemed not timely.
(C) Verified Petition: Contents. The verified petition shall contain a request by appellant to be relieved of costs due to insolvency. The petition also shall include a statement by the appellant’s attorney or the appellant, if not represented by an attorney, that the appeal was filed in good faith and the court reasonably could find reversible error in the record and shall state with particularity the specific legal and factual grounds for that opinion.
(D) Sworn Financial Affidavit: Contents. With the verified petition to be relieved of costs, the appellant shall file a sworn financial affidavit listing income and assets, including marital income and assets, and expenses and liabilities. The sworn financial affidavit shall be substantially the same as form 4.9125.
(E) Verified Petition and Sworn Financial Affidavit: Service. The appellant shall serve a copy of the verified petition to be relieved of costs, including the sworn financial affidavit, on all interested parties, including the dDivision of Workers’ Compensation, the office of general counsel of the Department of Labor and — Employment Security Financial Services, and the clerk of the court.
(F) Hearing on Petition to Be Relieved of Costs. After giving 15 days’ notice to the dDivision of Workers’ Compensation and all parties, the lower tribunal shall promptly hold a hearing and rule on the merits of the petition to be relieved of costs. However, if no objection to the petition is filed by the division or a party within 20 days after the petition is served, the lower tribunal may enter an order on *226 the merits of the petition without a hearing.
(G) Extension of Appeal Deadlines: Petition Granted. If the petition to be relieved of the entire cost of the preparation of the record on appeal is granted, the 60-day period allowed under these rules for the preparation of the record shall begin to run from the date of the order granting the petition.
(H) Extension of Appeal Deadlines: Petition Denied. If the petition to be relieved of the cost of the record is denied or only granted in part, the petitioner shall deposit the estimated costs with the lower tribunal within 15 days from the date the order denying the petition is entered. The 60-day period allowed under these rules for the preparation of the record shall begin from the date the estimated cost is deposited with the lower tribunal.
(I) Payment of Cost for Preparation of Record by Administration Trust Fund. If the petition to be relieved of costs is granted, the lower tribunal may order the Workers’ Compensation Administration Trust Fund to pay the cost of the preparation of the record on appeal pending the final disposition of the appeal. The lower tribunal shall provide a copy of such order to all interested parties, including the division, general counsel of the Department of Financial Services, and the clerk of the court.
(J) Reimbursement of Administration Trust Fund If Appeal Is Successful. If the Administration Trust Fund has paid the costs of the preparation of the record and the appellant prevails at the conclusion of the appeal, the appellee shall reimburse the fund the costs paid within 30 days of the mandate issued by the court or supreme court under these rules.
(h) Briefs and Motions Directed to Briefs.
(1) Briefs: Final Order Appeals. Within 30 days after the lower tribunal certifies the record to the court, the appellant shall file-an original and 3 copies of serve the initial brief with the court. A copy shall be served-on-fche- appellee. Additional briefs shall be served as prescribed by rule 9.210.
(2) Briefs: Non-Final Appeals. Appellant’s initial brief, accompanied by an appendix as prescribed by rule 9.220, shall be served within 15 days of filing the notice. Additional briefs shall be served as prescribed by rule 9.210.
(3) Motions to Strike. Motions to strike a brief or portions of a brief will not be entertained by the court. However, a party, in its own brief, may call to the court’s attention a breach of these rules. If no further responsive brief is authorized, noncompliance may be brought to the court’s attention by filing a suggestion of noncompliance. Statements in briefs not supported by the record shall be disregarded and may constitute cause for imposition of sanctions.
(i) Attorneys’ Fees and Appellate Costs.
(1) Costs. Appellate costs shall be taxed as provided by law. Taxable costs shall include those items listed in rule 9.400 and costs for a transcript included in an appendix as part of an appeal of a nonfinal order.
(2) Attorneys’ Fees. A motion for attorneys’ fees shall be served in accordance with rule 9.400(b).
(3) Entitlement and Amount of Fees and Costs. If the court determines that an appellate fee is due, the lower tribunal shall have jurisdiction to conduct hearings and consider evidence regarding the amount of the attorney fee and costs due at any time after the mandate is issued.
*227 (4) Review. Review shall be in accordance with rule 9.400(c).
Committee Notes
1996 Adoption. Rule 9.180 is intended to supersede rules 4.160, 4.161, 4. 165, 4.166, 4.170, 4.180, 4.190, 4.220, 4.225, 4.230, 4.240, 4.250, 4.260, 4. 265, 4.270, and 4.280 of the Rules of Workers’ Compensation Procedure. In consolidating those rules into one rule and incorporating them into the Rules of Appellate Procedure, du-plicative rules have been eliminated. The change was not intended to change the general nature of workers’ compensation appeals. It is contemplated there still may be multiple “final orders.” See 1980 Committee Note, Fla. R. Work. Comp. P. 4160.
The orders listed in rules 9.180(b)(1)(A), (B), and (C) are the only nonfinal orders appealable before entry of a final order in workers’ compensation cases.
Rule 9.180(b)(2) now limits the place for fifing the notice of appeal to the lower tribunal that entered the order and not any judge of compensation claims as the former rule provided.
Rule 9.180(f)(6)(E) provides that the lower tribunal shall provide a copy of the record to all counsel of record and all unrepresented parties. It is contemplated that the lower tribunal can accomplish that in whatever manner the lower tribunal deems most convenient for itself, such as, having copies available that counsel or the parties may pick up.
RULE 9.190. JUDICIAL REVIEW OF ADMINISTRATIVE ACTION
(a) Applicability. Judicial review of administrative action shall be governed by the general rules of appellate procedure except as specifically modified herein.
(b) Commencement.
(1)An appeal from final agency action as defined in the Administrative Procedure Act, chapter 120, Florida Statutes, or other administrative action for which judicial review is provided by general law shall be commenced in accordance with rule 9.110(c).
(2) Review of non-final agency action, including non-final action by an administrative law judge, under the Administrative Procedure Act shall be commenced by fifing a petition for review in accordance with rules 9.100(b) and (c).
(3) Review of quasi-judicial decisions of any administrative body, agency, board, or commission not subject to the Administrative Procedure Act shall be commenced by fifing a petition for certiorari in accordance with rules 9.100(b) and (c), unless judicial review by appeal is provided by general law.
(c)The Record.
(1) Generally. As further described in this rule, the record shall include only materials furnished to and reviewed by the lower tribunal in advance of the administrative action to be reviewed by the court.
(2) Review of Final Action Pursuant to the Administrative Procedure Act.
(A) In an appeal from any proceeding conducted pursuant to section 120.56 (rule challenges) or sections 120.569 (decisions which affect substantial interests) and 120.57(1), Florida Statutes (decisions which affect substantial interests involving disputed material facts), the record shall consist of all notices, pleadings, motions, and intermediate rulings; evidence admitted; those matters officially recognized; proffers of proof and objections and rulings thereon; proposed findings and exceptions; any decision, opinion, order, or report by the presiding officer; all staff memoranda or data submitted to the presiding officer during the hearing or prior to its disposition, after notice of submission to all parties, except communications by *228 advisory staff as permitted under section 120.66(1), Florida Statutes, if such communications are public records; all matters placed on the record after an ex parte communication; and the official transcript.
(B) In an appeal from any proceeding pursuant to sections 120.569 (decisions which affect substantial interests) and 120.57(2), Florida Statutes (decisions which affect substantial interests involving no disputed issue of material fact), the record shall consist of the notice and summary of grounds; evidence received; all written statements submitted; any decisions overruling objections; all matters placed on the record after an ex parte communication; the official transcript; and any decision, opinion, order, or report by the presiding officer.
(C) In an appeal from any proceeding pursuant to section 120.565, Florida Statutes (declaratory statements), the record shall consist of the petition seeking a declaratory statement and any pleadings filed with the agency; all notices relating to the petition published in the Florida Administrative Weekly; the declaratory statement issued by the agency or the agency’s denial of the petition; and all matters listed in subdivision (c)(2)(A) or (c)(2)(B) of this rule, whichever is appropriate, if a hearing is held on the declaratory statement petition.
(D) In an appeal from any proceeding pursuant to section 120.574, Florida Statutes (summary proceeding), the record shall consist of all notices, pleadings, motions, and intermediate rulings; evidence received; a statement of matters officially recognized; proffers of proof and objections and rulings thereon; matters placed on the record after an ex parte communication; the written decision of the administrative law judge presiding at the final hearing; and the official transcript of the final hearing.
(E)In an appeal from a rule adoption pursuant to sections 120.54 (rule adoption) and 120.68(9), Florida Statutes, in which the sole issue presented by the petition is the constitutionality of a rule and there are no disputed issues of fact, the record shall consist only of those documents from the rulemaking record compiled by the agency that materially address the constitutional issue. The agency’s rulemaking record consists of all notices given for the proposed rule; any statement of estimated regulatory costs for the rule; a written summary of hearings on the proposed rule; the written comments and responses to written comments as required by sections 120.54 (rule adoption) and 120.541, Florida Statutes (statement of estimated regulatory costs); all notices and findings made pursuant to section 120.54(4), Florida Statutes (adoption of emergency rules); all materials filed by the agency with the Administrative Procedures Committee pursuant to section 120.54(3), Florida Statutes (rule adoption procedure); all materials filed with the Department of State pursuant to section 120.54(3), Florida Statutes (rule adoption procedure); and all written inquiries from standing committees of the legislature concerning the rule.
(3) Review of Non-Final Action Pursuant to the Administrative Procedure Act. The provisions of rules 9.100 and 9.220 govern the record in proceedings seeking review of non-final administrative action.
(4) Review of Administrative Action Not Subject to the Administrative Procedure Act. In proceedings seeking review of administrative action not governed by the Administrative Procedure Act, the clerk of the lower tribunal shall not be required to prepare a record or record index. The petitioner or appellant shall submit an appendix in accordance with rule 9.220. Supplemental appendices may *229 be submitted by any party. Appendices may not contain any matter not made part of the record in the lower tribunal.
(5) Videotaped Testimony. In any circumstance in which hearing testimony is preserved through the use of videotape rather than through an official transcript, the testimony from the videotape shall be transcribed and the transcript shall be made a part of the record before the record is transmitted to the court.
(6) Modified Record. The contents of the record may be modified as provided in rule 9.200(a)(8).
(d) Attorneys’ Fees.
(1) Attorneys’ Fees. A motion for attorneys’ fees may be served not later than the time for service of the reply brief and shall state the grounds on which the recovery is sought, citing all pertinent statutes. The assessment of attomeyst-fees-may be remanded to the lower tribunal or the administrative law-judge or referred to a special magistrate;
(2) Disputes As To Amount. If the court decides to award attorneys’ fees, the court may either remand the matter to the lower tribunal or to the administrative law judge for determination of the amount, or refer the matter to a special magistrate.
(23) Review. Review of orders rendered-entered by the lower tribunal or the administrative law judge under this rule shall be by motion filed in the court within 30 days of the order’s rendition of the order.- Review of objections-to-reports of special magistrates-shall-be on motion filed in the court within-3Q-days of the report’s filing- Objections to reports of special magistrates shall be filed with the court within 30 days after the special magistrate’s report is filed with the court.
(e) Stays Pending Review.
(1) Effect of Initiating Review. The filing of a notice of administrative appeal or a petition seeking review of administrative action shall not operate as a stay, except that such filing shall give rise to an automatic stay as provided in rule 9.310(b)(2) or when timely review is sought of an award by an administrative law judge on a claim for birth-related neurological injuries.
(2) Application for Stay Under the Administrative Procedure Act.
(A) A party seeking to stay administrative action may file a motion either with the lower tribunal or, for good cause shown, with the court in which the notice or petition has been filed. The filing of the motion shall not operate as a stay. The lower tribunal or court may grant a stay upon appropriate terms. Review of orders entered by lower tribunals shall be by the court on motion.
(B) When an agency has ordered emergency suspension, restriction, or limitation of a license under section 120.60(6), Florida Statutes, a licensee may file with the reviewing court a motion for stay on an expedited basis. The court may issue an order to show cause and, after considering the agency’s response, if timely filed, grant a stay on appropriate terms.
(C) When an agency has suspended or revoked a license other than on an emergency basis, a licensee may file with the reviewing-court a motion for stay on an expedited basis, — Unless the agency files with the court within 10 days-th-ereafter-or-within — a—shorter -time period set by the eourt-a-response demonstrating that a stay wenldr-eon-stitufe-a- probable danger to the health, safety--or -welfare-of the state, the eoart-shall-issue a -stay. The agency may file a response within 10 days of the filing of the motion, or within a shorter time period set by the court. Unless the agency files a timely response demonstrating *230 that a stay would constitute a probable danger to the health, safety, or welfare of the state, the court shall grant the motion and issue a stay.
(D) When an order suspending or revoking a license has been stayed pursuant to subdivision (2)(C), an agency may apply to the court for dissolution or modification of the stay on grounds that subsequently acquired information demonstrates that failure to dissolve or modify the stay would constitute a probable danger to the public health, safety, or welfare of the state.
(3) Application for Stay or Superse-deas of Other Administrative Action. A party seeking to stay administrative action, not governed by the Administrative Procedure Act, shall file a motion in the lower tribunal, which shall have continuing jurisdiction, in its discretion, to grant, modify, or deny such relief. A stay pending review may be conditioned on the posting of a good and sufficient bond, other conditions, or both. Review of orders entered by lower tribunals shall be by the court on motion.
(4) Duration. A stay entered by a lower tribunal or a court shall remain in effect during the pendency of all review proceedings in Florida courts until a mandate issues, unless otherwise modified or vacated.
Committee Notes
1996 Amendment. Appeals which fall within the exception included in subdivision (b)(3) are commenced in accordance with subdivision (b)(1). Therefore, administrative action by appeal in a circuit court, if prescribed by general law, is commenced pursuant to subdivision (b)(1). Unless review of administrative action in circuit court is prescribed by general law to be by appeal, review in circuit court is by petition for an extraordinary writ commenced pursuant to subdivision (b)(3). See Board of County Commissioners v. Snyder, 627 So.2d 469 (Fla.1993); Grace v. Town of Palm Beach, 656 So.2d 945 (Fla. 4th DCA 1995). Subdivision (b)(3) supersedes all local government charters, ordinances, rules and regulations which purport to provide a method of review in conflict herewith.
Subdivision (c) was adopted to identify more clearly what constitutes the record in appeals from administrative proceedings. Several sections of the Florida Administrative Procedure Act, as revised in 1996, specifically state what shall constitute the record in certain types of proceedings, and this rule incorporates that statutory language. The rule makes clear that the record shall include only materials that were furnished to and reviewed by the lower tribunal in advance of the administrative action to be reviewed. The intent of this statement is to avoid the inclusion of extraneous materials in the record that were never reviewed by the lower tribunal.
Subdivision (c)(2)(A) is based on provisions of section 120.57(l)(f), Florida Statutes. This subdivision of the rule governs the record from proceedings conducted pursuant to section 120.56 and sections 120.569 and 120.57(1), Florida Statutes. This is because section 120.56(l)(e), Florida Statutes, states that hearings under section 120.56, Florida Statutes, shall be conducted in the same manner as provided by sections 120.569 and 120.57, Florida Statutes.
Subdivision (c)(2)(B) lists the provisions of section 120.57(2)(b), Florida Statutes. Subdivision (c)(2)(B)(vii), which refers to “any decision, opinion, order, or report by the presiding officer,” was added by the committee to the list of statutory requirements.
Subdivision (c)(2)(C) addresses the record on appeal from declaratory statement requests pursuant to section 120.565, while *231 subdivision (c)(2)(D) lists the provisions of section 120.574(2)(d), Florida Statutes. Subdivision (c)(2)(E) of the rule addresses proceedings governed by sections 120.54 and 120.68(9), Florida Statutes. The definition of the rulemaking record tracks language in section 120.54(8), Florida Statutes.
Subdivision (c)(3) makes clear that rules 9.100 and 9.220 govern the record in proceedings seeking review of non-final administrative action, while subdivision (c)(4) governs the record in administrative proceedings not subject to the Administrative Procedure Act.
Subdivision (c)(5) states that if videotape is used to preserve hearing testimony, the videotape shall be transcribed before the record is transmitted to the court.
Subdivision (d) was adopted to conform to the 1996 revisions to the Administrative Procedure Act. Recoupment of costs is still governed by rule 9.400.
2000 Amendment. Subdivision (e) was added to address stays pending judicial review of administrative action. Ordinarily, application for a stay must first be made to the lower tribunal, but some agencies have collegial heads who meet only occasionally. If a party can show good cause for applying initially to the court for a stay, it may do so. When an appeal has been taken from a license suspension or revocation under the Administrative Procedure Act, good cause for not applying first to the lower tribunal is presumed.
Subdivision (e)(2)(B) deals with stays of orders which suspend licenses on an emergency basis. Before entering an emergency suspension order, the agency must make a finding that immediate suspension is necessary to protect the public health, safety, or welfare. § 120.60(6), Fla. Stat. (1999). In effect, the agency makes a finding that would be sufficient to defeat issuance of the “stay as a matter of right” contemplated by section 120.68(3), Florida Statutes. The agency’s finding is subject to judicial review, however, on application for a stay under subdivision (e)(2)(B).
Absent an emergency suspension order, the court grants a stay as of right in Administrative Procedure Act license suspension and revocation cases unless the licensing agency makes a timely showing that a stay “would constitute a probable danger to the health, safety, or welfare of the state.” § 120.68(3), Fla. Stat. (1999). The court can shorten the 10 day period specified in subdivision (e)(2)(c). If the court stays a nonemergency suspension or revocation, the licensing agency can move to modify or dissolve the stay on the basis of material information that comes to light after the stay is issued.
Nothing in subdivision (e) precludes licensing agencies from making suspension or revocation orders effective 30 days after entry, granting stays pending judicial review, or taking other steps to implement section 120.68(3), Florida Statutes. .
2004 Amendment. Subdivision (e)(2)(C) was amended to clarify that the ten days (or shorter period set by the court) within which the agency has to respond runs from the filing of the motion for stay. See Ludwig v. Dept. of Health, 778 So.2d 531 (Fla. 1st DCA 2001).
RULE 9.220. APPENDIX
(a) Purpose. The purpose of an appendix is to permit the parties to prepare and transmit copies of such those portions of the record deemed necessary to an understanding of the issues presented. It may be served with a airy petition, brief, motion, or response^, or reply provided- that under rules 9.100, 9.110(i), 9.120, 9.125, and 9A30vbut- shall be served ás otherwise required by these rules. In any proceeding in which an appendix is required, if the *232 court finds that the appendix is incomplete, it shall direct a party to supply the omitted parts of the appendix. No proceeding shall be determined until an opportunity to supplement the appendix has been given. — It shall contain-an-mde^-and a conformed copy of the opinion or order to be-re-viewed and may-contain any other portions of the-record and other-authorities. — It shall be separately bound-or-separated-from the petition, brief, motion, or response by-a-divider and appropriate-tab-Asterisks-should be-used-ta-mdicate omissions in.documents or testimon-y-of — witness. — If-the -appendix includes documents filed before January — 199-1-on paper measuring-8-1/2 by 14 inches, the-doe-uments should be reduced-in-eopying-to 8 1/2 by 11 inches-if-pr-aetieabla. — If impracticable — the appendix may measure-8--1/2 by 14 inches, but it should- be-bound separately from the document that it accompanies-.-
(b) Contents. The appendix shall contain an index and a conformed copy of the opinion or order to be reviewed and may contain any other portions of the record and other authorities. It shall be separately bound or separated from the petition, brief, motion, response, or reply by a divider and appropriate tab. Asterisks should be used to indicate omissions in documents or testimony of witnesses. If the appendix includes documents filed before January 1991 on paper measuring 8% by 14 inches, the documents should be reduced in copying to 8% by 11 inches, if practicable. If impracticable, the appendix may measure 8% by 14 inches, but it should be bound separately from the document that it accompanies.
Committee Notes
1977 Adoption. This rule is new and has been adopted to encourage the use of an appendix either as a separate document or as a part of another matter. An appendix is optional, except under rules 9.100, 9.110(i), 9.120, and 9.130. If a legal size (8 1/2 by 14 inches) appendix is used, counsel should make it a separate document. The term “conformed copy” is used throughout these rules to mean a true and accurate copy. In an appendix the formal parts of a document may be omitted if not relevant.
1980 Amendment. The rule has been amended to reflect the requirement that an appendix accompany a suggestion filed under rule 9.125.
1992 Amendment. This amendment addresses the transitional problem that arises if legal documents filed before January 1991 must be included in an appendix filed after that date. It encourages the reduction of 8 1/2 by 14 inch papers to 8 1/2 by 11 inches if practicable, and requires such documents to be bound separately if reduction is impracticable.
RULE 9.331. DETERMINATION OF CAUSES IN A DISTRICT COURT OF APPEAL EN BANC
(a) En Banc Proceedings: Generally. A majority of the judges of a district court of appeal participating may order that a proceeding pending before the court be determined en banc. A district court of appeal en banc shall consist of the judges in regular active service on the court. En banc hearings and rehearing shall not be ordered unless the case is of exceptional importance or unless necessary to maintain uniformity in the court’s decisions. The en banc decision shall be by a majority of the active judges actually participating and voting on the case. In the event of a tie vote, the panel decision of the district court shall stand as the decision of the court. If there is no panel decision, a tie vote will affirm the trial court decision.
(b) En Banc Proceedings by Divisions. If a district court of appeal chooses to sit in subject-matter divisions as approved by the Supreme Court, en banc determina *233 tions shall be limited to those regular active judges within the division to which the case is assigned, unless the chief judge determines that the case involves matters of general application and that en banc determination should be made by all regular active judges. However, in the absence of such determination by the chief judge, the full court may determine by an affirmative vote of three-fifths of the active judges that the case involves matters that should be heard and decided by the full court, in which event en banc determination on the merits of the case shall be made by an affirmative vote of a majority of the regular active judges participating.
(c) Hearings En Banc. A hearing en banc may be ordered only by a district court of appeal on its own motion. A party may not request an en banc hearing. A motion seeking the hearing shall be stricken.
(d) Rehearings En Banc.
(1) Generally. A rehearing en banc may be ordered by a district court of appeal on its own motion or on motion of a party. Within the time prescribed by rule 9.330 and in conjunction with the motion for rehearing, a party may move for an en banc rehearing solely on the grounds that the case is of exceptional importance or that such consideration is necessary to maintain uniformity in the court’s decisions. A motion based on any other ground shall be stricken. A response may be served within 10 days of service of the motion. A vote will not be taken on the motion unless requested by a judge on the panel that heard the proceeding, or by any judge in regular active • service on the court. Judges who did not sit on the panel are under no obligation to consider the motion unless a vote is requested.
(2) Required Statement for Rehearing En Banc. A rehearing en banc is an extraordinary proceeding. In every case the duty of counsel is discharged without filing a motion for rehearing en banc unless one of the grounds set forth in (1) is clearly met. If filed by an attorney, the motion shall contain either or both of the following statements:
I express a belief, based on a reasoned and studied professional judgment, that the panel decision is of exceptional importance.
Or
I express a belief, based on a reasoned and studied professional judgment, that the panel decision is contrary to the following decision(s) of this court and that a consideration by the full court is necessary to maintain uniformity of decisions in this court (citing specifically the case or cases).
/s/_
Attorney for ■:. . (name of party)...
... (address and phone number)...
Florida Bar No.
(3) Formal — Qrdei—onDisposition of Motion for Rehearing En Banc.- A motion for rehearing en banc shall be deemed denied-on-a-denial-o-f-rohearing-or-a-grant of.rehearing- without--en.banc — consider-atiom-A motion for rehearing en banc shall be disposed of by order. If rehearing en banc is granted, the court may limit the issues to be reheard, require the filing of additional briefs, and may require additional argument.
Committee Notes
1982 Amendment. This rule is patterned in part after the en banc rule of the United States Court of Appeals for the Fifth and Eleventh Circuits. The rule is an essential part of the philosophy of our present appellate structure because the supreme court no longer has jurisdiction to review intra-district conflict. The new ap *234 pellate structural scheme requires the district courts of appeal to resolve conflict within their respective districts through the en banc process. By so doing, this should result in a clear statement of the law applicable to that particular district.
Subdivision (a) provides that a majority vote of the active and participating members of the district court is necessary to set a case for hearing en banc or rehearing en banc. The issues on the merits will be decided by a simple majority of the judges actually participating in the en banc process, without regard to recusals or a judge’s absence for illness. All judges in regular active service, not excluded for cause, will constitute the en banc panel. Counsel are reminded that en banc proceedings are extraordinary and will be ordered only in the enumerated circumstances. The ground, maintenance of uniformity in the court’s decisions, is the equivalent of decisional conflict as developed by supreme court precedent in the exercise of its conflict jurisdiction. The district courts are free, however, to develop their own concept of decisional uniformity. The effect of an en banc tie vote is self-explanatory, but such a vote does suggest that the matter is one that should be certified to the supreme court for resolution.
Subdivision (b) provides that hearings en banc may not be sought by the litigants; such hearings may be ordered only by the district court sua sponte.
Subdivision (c)(1) governs rehearings en banc. A litigant may apply for an en banc rehearing only on the ground that intra-district conflict of decisions exists, and then only in conjunction with a timely filed motion for rehearing under rule 9.830. The en banc rule does not allow for a separate motion for an en banc rehearing nor does it require the district court to enter a separate order on such request. Once a timely motion for rehearing en banc is filed in conjunction with a traditional petition for rehearing, the 3 judges on the initial panel must consider the motion. A vote of the entire court may be initiated by any single judge on the panel. Any other judge on the court may also trigger a vote by the entire court. Non-panel judges are not required to review petitions for rehearing en banc until a vote is requested by another judge, although all petitions for rehearing en banc should be circulated to nonpanel judges. The court may on its own motion order a rehearing en banc.
Subdivision (c)(2) requires a signed statement of counsel certifying a bona fide belief that an en banc hearing is necessary to ensure decisional harmony within the district.
Subdivision (c)(3) is intended to prevent baseless motions for en banc rehearings from absorbing excessive judicial time and labor. The district courts will not enter orders denying motions for en banc rehearings. If a rehearing en banc is granted, the court may order briefs from the parties and set the case for oral argument.
1992 Amendment. Subdivision (c)(3) was amended to correct a linguistic error found in the original subdivision.
Court Commentary
1994 Amendment. The intent of this amendment is to authorize courts sitting in subject-matter divisions to have cases that are assigned to a division decided en banc by that division without participation by the regular active judges assigned to another division. The presumption is that en banc consideration will usually be limited to the division in which the case is pending. However, recognizing that in exceptional instances it may be preferable for the matter under review to be considered by the whole court, the case can be *235 brought before all regular active judges by the chief judge or by an affirmative vote of three-fifths of the regular active judges on the whole court. Once the matter is before the whole court en banc, a vote on the merits will be by a majority of the regular active judges as now provided in rule 9.331.
RULE 9.370. AMICUS CURIAE
(a) When Permitted. An amicus curiae may file a brief only by leave of court or by- consent of all parties. A motion for leave to file must state the movant’s interest, the particular issue to be addressed, and-how the movant can assist the court in the disposition of the case, and whether all parties consent to the filing of the brief:
(b) Contents and Form. An amicus brief must comply with Rule 9.210(b) but shall omit a statement of the case and facts and may not exceed 20 pages. The coyer must identify the party or parties supported and state whether-the-br4ef-4s-filed by leave of court-or--by— consent of all parties. An amicus brief must include a concise statement of the identity of the amicus curiae and its interest in the case.
(c) Time for Filing. An amicus curiae must serve its brief no later than 5 days after the first brief of the party being-supported is served. An amicus curiae that does not support either party must serve its brief no later than 5 days after the initial brief or petition is filed. A court may grant leave for later service, specifying the time within which an opposing party may respond. An amicus curiae may not file a reply brief.
Committee Note
1977 Amendment. This rule replaces former rule 3.7(k) and expands the circumstances in which amicus curiae briefs may be filed to recognize the power of the court to request amicus curiae briefs.
RULE 9.420. FILING; SERVICE OF COPIES; COMPUTATION OF TIME
(a) Filing.
(1) Generally. Filing may be accomplished by filing with the clerk; provided that a justice or judge may accept the documents for filing, and shall note the filing date and immediately transmit them to the office of the clerk.
(2) Inmate Filing. A document filed by a pro se inmate confined in an institution is timely filed if the inmate places the document in the hands of an institution official for mailing on or before the last day for filing. Such a document shall be presumed to be timely filed if it contains a certificate of service certifying that the inmate placed the document in the hands of an institution official for mailing on a particular date, and if the document would have been timely filed had it been received and file-stamped by the court on that date.
(b) Service. All original papers shall be filed either before service or immediately thereafter. A copy of all documents filed under these rules shall, before filing or immediately thereafter, be served on each of the parties. The lower tribunal, before the record is transmitted, or the court, on motion, may limit the number of copies to be served.
(c) Method and Proof of Service.
(-1-) -How-MadeT If service is required or permitted to be made on a party represented by an attorney, service shall be made on the attorney unless service on the party is ordered by the court. Service on the attorney or party shall be made by delivering a copy to the attorney or party or by mailing it to the attorney or party at the last known address or, if no address is known, by leaving it with the clerk of the court. Delivery of a copy within this rule shall mean (A) handing it to the attorney or to the party, or (B) leaving it at the *236 attorney’s or party’s office with the clerk or other person in charge thereof, or (C) if there is no one in charge, leaving it in a conspicuous place therein, or (D) if the office is closed or the person to be served has no office, leaving it at the attorney’s or party’s usual place of abode with some person of the attorney’s or party’s family above 15 years of age and informing such person of the contents. Service by mail shall be complete on mailing.
(2d) CertificateProof of Service, if any attorney shall certify--in-sabsfaneeí A certificate of service that complies in substance with the appropriate form below shall be taken as prima facie proof of service in compliance with these rules.
(1) By Attorney:
I certify that a copy hereof has been furnished to .... (here insert name or names).... by .(delivery)(mail). on ... (date)....
Attorney for ... (name of party).... ... (address and phone number).... Florida Bar No.
(2) By Pro Se Inmate:
I certify that I placed this document in the hands of.. .(here insert name of institution official)... for mailing to-(here insert name or names)... on... (date)....
... (name)....
... (address)....
... (prison identification number) ...
(3)By Other Pro Se Litigants: I certify that a copy hereto has been furnished to... (here insert name or names)... by .... (delivery)(mail)... on ... (date)....
... (name)
... (address)
... (phone number)....
the certificate shall be taken as prima facie proof-of — suc-h-serviae-in-eompliance with these rules. — The certificate shall specify the-par-ty-eac-h-aff&mey-representsT
(4e) Additional Time After Service by Mail. If a party, court reporter, or clerk is required or permitted to do an act within some prescribed time after service of a document, and the document is served by mail, 5 days shall be added to the prescribed period.
(ef) Computation. In computing any period of time prescribed or allowed by these rules, by order of the court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included unless it is a Saturday, a Sunday, or a holiday described below, in which event, the period shall run until the end of the next day that is neither a Saturday, Sunday, nor holiday. If the period of time prescribed or allowed is less than 7 days, intermediate Saturdays, Sundays, and holidays shall be excluded in the computation. As used in this rule, holiday means
(1) New Year’s Day;
(2) Martin Luther King, Jr.’s Birthday, the third Monday in January;
(3) Washington’s Birthday, the third Monday in February;
(4) Good Friday;
(5) Memorial Day, the last Monday in May;
(6) Independence Day;
(7) Labor Day, the first Monday in September;
(8) Columbus Day, the second Monday in October;
(9) Veterans’ Day;
(10) General Election Day;
*237 (11) Thanksgiving Day, the fourth Thursday in November;
(12) Christmas Day;
(13) any statewide primary day;
(14) any Monday immediately following a Sunday on which one of the foregoing holidays falls; and
(15) any other day when the clerk’s office is closed.
Committee Notes
1977 Amendment. Subdivision (a) replaces former rule 3.4(a). The last sentence of former rule 3.4(a) was eliminated as superfluous. The filing of papers with a judge or justice is permitted at the discretion of the judge or justice. The advisory committee recommends that the ability to file with a judge or justice be exercised only if necessary, and that care be taken not to discuss in any manner the merits of the document being filed. See Fla.Code Prof. Resp., DR 7-110(B) (now R. Regulating Fla. Bar 4-3.5(b)); Fla.Code Jud. Conduct, Canon 3(A)(4).
Subdivision (b) replaces and simplifies former rules 3.4(b)(5) and 3.6(i)(3). The substance of the last sentence of former rule 3.4(b)(5) is preserved. It should be noted that except for the notices or petitions that invoke jurisdiction, these rules generally provide for service by a certain time rather than filing. Under this provision filing must be done before service or immediately thereafter. Emphasis has been placed on service so as to eliminate the hardship on parties caused by tardy service under the former rules and to eliminate the burden placed on the courts by motions for extension of time resulting from such tardy service. It is anticipated that tardy filing will occur less frequently under these rules than tardy service under the former rules because the parties are unlikely to act in a manner that would irritate the court. The manner for service and proof thereof is provided in subdivision (c).
Subdivision (d) replaces former rule 3.4(b)(3) and provides that if a party or clerk is required or permitted to do an act within a prescribed time after service, 5 days (instead of 3 days under the former rule) shall be added to the time if service is by mail.
Subdivision (e) replaces former rule 3.18 with no substantial change. “Holiday” is defined to include any day the clerk’s office is closed whether or not done by order of the court. The holidays specifically listed have been included, even though many courts do not recognize them as holidays, to not place a burden on practitioners to check whether an individual court plans to observe a particular holiday.
1980 Amendment. Subdivision (b) was amended to provide that either the lower tribunal or the court may limit the number of copies to be served. The rule contemplates that the number of copies may be limited on any showing of good cause, for example, that the number of copies involved is onerous or that the appeal involves questions with which some parties have no interest in the outcome or are so remotely involved as not to justify furnishing a complete record to them at appellant’s initial cost. The availability of the original record at the clerk’s office of the lower tribunal until due at the appellate court is a factor to be considered.
Court Commentary
2000. Subdivision (a)(2) codifies the Florida Supreme Court’s holding in Thompson v. State, 761 So.2d 324 (Fla.2000).
RULE 9.430. PROCEEDINGS BY INDIGENTS
(a) Motion and Affidavit. A party who has the right to seek review by appeal without payment of costs shall, unless the *238 court directs otherwise, file a motion in the lower tribunal, with an affidavit showing the party’s inability either to pay fees and costs or to give security therefor. For review by original proceedings under rule 9.100, unless the court directs otherwise, the party shall file the motion and affidavit with the court. If the motion is granted, the party may proceed without further application to the court and without either the prepayment of fees or costs in the lower tribunal or court or the giving of security therefor. ■I-f-the-motion-is-deniedT the lower tribunal shall state in writing the reasons therefor. Reasons for denying the motion shall be stated in writing. Review of decisions by the lower tribunal shall be by motion filed in the court.
(b) Incarcerated Parties.
(1) Presumptions. In the absence of evidence to the contrary, aAn appellate court may, in its discretion, presume that
(A) assertions in an affidavit filed by an incarcerated party under this rule are true, and
(B) in cases involving criminal or collateral criminal proceedings, an incarcerated party who has been declared indigent for purposes of proceedings in the lower tribunal remains indigent, in the absence of evidence to the contrary.
(2) Non-Criminal Proceedings. Except in cases involving criminal or collateral proceedings, a motion and affidavit under this rule by a person who has been convicted of a crime and is incarcerated for that crime or who is being held in custody pending extradition or sentencing shall contain substantially the same information as required by rule 9.900(i). The determination of whether the case involves an appeal from an original criminal or collateral proceeding depends on the substance of the issues raised and not on the form or title of the petition or complaint. In these non-criminal cases, the court may require the party to make a partial prepayment of court costs or fees and to make continued partial payments until the full amount is paid.
Committee Notes
1977 Adoption. This rule governs the manner in which an indigent may proceed with an appeal without payment of fees or costs and without bond. Adverse rulings by the lower tribunal must state in writing the reasons for denial. Provision is made for review by motion. Such motion may be made without the filing of fees as long as a notice has been filed, the filing of fees not being jurisdictional. This rule is not intended to expand the rights of indigents to proceed with an appeal without payment of fees or costs. The existence of such rights is a matter governed by substantive law.
RULE 9.800. UNIFORM CITATION SYSTEM
This rule applies to all legal documents, including court opinions. Except for citations to case reporters, all citation forms should be spelled out in full if used as an integral part of a sentence either in the text or in footnotes. Abbreviated forms as shown in this rule should be used if the citation is intended to stand alone either in the text or in footnotes.
(a) Florida Supreme Court.
(1) 1846-1886: Livingston v. L’Engle, 22 Fla. 427 (1886).
(2) Fenelon v. State, 594 So.2d 292 (Fla.1992).
(3) For recent opinions not yet published in the Southern Reporter, cite to Florida Law Weekly: Traylor v. State, 17 Fla. L. Weekly S42 (Fla. Jan. 16, 1992). If not therein, cite to the slip opinion: Traylor v. State, No. 70,051 (Fla. Jan. 16, 1992)Medina v. State, No. SC00-280 (Fla. Mar. 14, 2002).
*239 (b) Florida District Courts of Appeal.
(1) Sotolongo v. State, 530 So.2d 514 (Fla. 2d DCA 1988); Buncayo v. Dribin, 533 So.2d 935 (Fla. 3d DCA 1988).
(2)For recent opinions not yet published in Southern Reporter, cite to Florida Law Weekly: Myers v. State, 16 Fla. L. Weekly D1507 (Fla. 4th DCA June 5, 1991). If not therein, cite to the slip opinion: Myers v. State, No. 90-1092 (Fla. 4th DCA June 5, 1991)Fleming v. State, No. 1D01-2734 (Fla. 1st DCA Mar.6, 2002).
(c) Florida Circuit Courts and County Courts.
(1) Whidden v. Francis, 27 Fla. Supp. 80 (Fla. 11th Cir.Ct.1966).
(2) State v. Alvarez, 42 Fla. Supp. 83 (Fla. Dade Cty. Ct.1975).
(3) For opinions not published in Florida Supplement, cite to Florida Law Weekly: State v. Campeau, 16 Fla. L. Weekly C65 (Fla. 9th Cir.Ct. Nov. 7, 1990). If not therein, cite to the slip opinion: State v. Campean, No. 90-4363 (Fla. 9th Cir.Ct. Nov. 7, 1990).
(d) Florida Administrative Agencies. (Cite if not in Southern Reporter.)
(1) For decisions of the Public Employees Relations Commission: Indian River Educ. Ass’n v. School Bd., 4 F.P.E.R. ¶ 4262 (1978).
(2) For decisions of the Florida Public Service Commission: In re Application of Tampa Elec. Co., 81 F.P.S.C. 2:120 (1981).
(3) For decisions of all other agencies: Insurance Co. v. Department of Ins., 2 F.A.L.R. 648-A (Fla. Dept. of Insurance 1980).
(e) Florida Constitution. (Year of adoption should be given if necessary to avoid confusion.)
Art. V, § 3(b)(3), Fla. Const.
(f) Florida Statutes (Official).
§ 350.34, Fla. Stat. (1973).
§ 120.53, Fla. Stat. (Supp.1974).
(g) Florida Statutes Annotated. (To be used only for court-adopted rules, or references to other nonstatutory materials that do not appear in an official publication.)
32 Fla. Stat. Ann. 116 (Supp.1975).
(h) Florida Laws. (Cite if not in Fla. Stat. or if desired for clarity or adoption reference.)
(1) After 1956: Ch. 74-177, § 5, at 473, Laws of Fla.
(2) Before 1957: Ch. 22000, Laws of Fla. (1943). .
(i) Florida Rules.
Fla. R. Civ. P. 1.180.
Fla. R. Jud. Admin. 2.035.
Fla. R.Crim. P. 3.850.
Fla. R. Work. Comp. P. 4.113.
Fla. Prob. R. 5.120.
Fla. R. Traf. Ct. 6.165.
Fla. Sm. Cl. R. 7.070.
Fla. R. Juv. P. 8.070.
Fla. R.App. P. 9.100.
Fla. R. Med. 10. 0100.
Fla. R. Arb. 11.010.
Fla. Fam. L.R.P. 12.010.
Fla. Admin. Code R. 8H-3.02-62D-2.014.
Fla.Code Jud. Conduct; Canon 5B.
Fla. Bar Code Prof. Resp. D.R.--1-101(A)-
R. Regulating Fla. Bar 4-1.10.
Fla. Bar Found. By-Laws, art. 2.189 (b).
Fla. Bar Found. Charter, art. Ill, §_3.4.
Fla. Bar Integr. R., art. XI, rule §_11.09.
Fla. Bd. Bar Exam- R-I-I-L
*240 Fla. Jud. Qual. Comm’n R. 9.
Fla. Std. Jury Instr. (Civ.) 6.4(c).
Fla. Std. Jury Instr. (Crim.) 2.03.
Fla. Std. Jury Instr. (Crim.) Robbery.
Fla. Stds. Imposing Law. Sanes. 9.32(a).
Ha. — Stds*—Imposing—haw-.—Sanes.
(Drug Cases) 3.
Fla. Bar Admiss. R. 3-23.1.
(j) Florida Attorney General Opinions.
Op. Att’y Gen. Fla. 73-178 (1973).
(k) United States Supreme Court.
Sansone v. United States, 380 U.S. 343, 85 S.Ct. 1004, 13 L.Ed.2d 882 (1965).
(Cite to United States Reports, if published therein; otherwise cite to Supreme Court Reporter, Lawyer’s Edition, or United States Law Week, in that order of preference. For opinions not pubhshed in these reporters, cite to Florida Law Weekly Federal: California v. Hodari D., 13 Fla. L. Weekly Fed. S249 (U.S. Apr. 23, 1991)).
(l) Federal Courts of Appeals.
Gulf Oil Corp. v. Bivins, 276 F.2d 753 (5th Cir.1960).
For opinions not pubhshed in the Federal Reporter, cite to Florida Law Weekly Federal: Cunningham v. Zant, 13 Fla. L. Weekly Fed. C591 (11th Cir. March 27, 1991).
(m) Federal District Courts.
Pugh v. Rainwater, 332 F.Supp. 1107 (S.D.Fla.1971).
For opinions not pubhshed in the Federal Supplement, cite to Florida Law Weekly Federal: Wasko v. Dugger, 13 Fla. L. Weekly Fed. D183 (S.D.Fla. Apr. 2, 1991).
(n) United States Constitution. Art. IV, § 2, cl. 2, U.S. Const. Amend. V, U.S. Const.
(no) Other Citations. When referring to specific material within a Florida court’s opinion, pinpoint citation to the page of the Southern Reporter where that material occurs is optional, although preferred. All other citations shall be in the form prescribed by the latest edition of The Blue-book: A Uniform System of Citation, The Harvard Law Review Association, Gannett House, Cambridge, MA 02138. Citations not covered in this rule or in The Bluebook shall be in the form prescribed by the Florida Style Manual pubhshed by the Florida State University Law Review, Tallahassee, FL 32306.
(op) Case Names. Case names shall be underscored (or itaheized) in text and in footnotes.
Committee Notes
1977 Adoption. This rule is new and is included to standardize appellate practice and ease the burdens on the courts. It is the duty of each litigant and counsel to assist the judicial system by use of these standard forms of citation. Use of these citation forms, however, has not been made mandatory.
1992 Amendment. Rule 9.800 was updated to reflect changes in the available reporters. Additionally, the citations to new rules have been added and citations to rules no longer in use have been deleted. RULE 9.900. FORMS
(a) through (h) — no change
(i) Prisoner’s Motion and Affidavit to Proceed Without Prepayment of Court
Costs and Fees.
IN THE (name of court)
Case No.
Appellant(s)/Plaintiff(s)/Petitioner(s),
v.
*241 Appellee(s)/Defendant(s)/Respondent(s).
PRISONER’S MOTION AND AFFIDAVIT TO PROCEED WITHOUT PREPAYMENT OF COURT COSTS AND FEES
I, , am a plaintifPpetitioner/appellant in the above-styled action. I have been convicted of a crime and am currently incarcerated for that crime, or I am being held in custody pending extradition or sentencing. Pursuant to § 57.085, Fla. Stat., I hereby apply for leave to proceed in this action without prepayment of court costs and fees.
I acknowledge that the custodian or the custodian’s designee for my inmate trust account may withdraw funds from my account and transmit these funds to the clerk of the court, as directed by order of the court. These funds will be applied to any court costs or fees that the court requires me to pay in connection with this case. This acknowledgment applies to any institution in which I am or will be confined.
I am unable to pay court costs and fees. Under penalty of perjury, I swear or affirm that all statements in this affidavit are true and complete.
L State your inmate number and the place and address of the institution where you are in prison or in custody.
2.Are you presently employed? Yes 0 No ()
a. If yes, state your occupation, the amount of your monthly salary or wages, and your employer’s address.
b. If no, state the time period of your last employment, your occupation, and the amount of monthly salary or wages received.
3.Have you received within the past twelve months any money from any of the following sources?
a. Business, profession, or self-employment? Yes () No ()
b. Rent, payments, interest, or dividends? Yes () No ()
c. Pensions, annuities, or life insurance? Yes () No ()
d. Gifts or inheritances? Yes () No O
e. Any other source? Yes () No () If you answered yes to any of the above, describe each source and state amount received from each.
4.Do you own any cash, or do you have money in a checking, savings, or money market account? (Include funds in prison account.) Yes () No ()
If yes, state the amount of cash owned and the current balance(s) in each checking, savings, or money market account.
5.Do you own any real estate, stocks, bonds, notes, automobiles, or other tangible or intangible thing of value worth more than $100? Yes () No ()
If yes, describe each item of property and state its approximate value.
6. List the persons who are dependent upon you for support, state their ages and their relationship to you, and indicate how much you contribute toward their support.
7. State the nature and amount of any significant monthly expenses that you must pay, such as mortgage payments or rent.
8.List all of your significant debts, including the name of each person or entity *242 to whom yon owe the debt, the total amount owed, and monthly payment, if any.
9. During the past three years, have you been permitted two or more times to proceed without prepayment of court costs or fees in Florida or federal courts or adjudicatory forums, or to intervene in actions in these courts or adjudicatory forums without prepayment of court costs or fees, pursuant to sections 57.081 or 57.085, Florida Statutes, or 28 U.S.C. § 1915? Yes () No()
If yes, list below all suits, actions, claims, proceedings, or appeals that you have brought or intervened in during the past five years in any court or adjudicatory forum.
Name of Court Case Number Nature of the Action
Disposition
If necessary, attach additional pages that reflect the required information.
Signature of Appellant/Plaintiff/
Petitioner
State of Florida
County of
Sworn to and subscribed before me on ... (date).... by .... (name).
Notary Public — State of Florida
(Print, Type, or Stamp Commissioned
Name Of Notary Public)
Personally known OR Produced
Identification
Type of Identification Produced
FINANCIAL CERTIFICATE
(To be completed by authorized official of institution where prisoner is confined)
The prisoner must attach computer printout(s) reflecting all transactions in the prisoner’s inmate trust account(s) for the preceding six months or for the period of incarceration, whichever is shorter. The prisoner has the responsibility to obtain the required printout(s) from each institution where the prisoner was or is confined and to provide the printout(s) to the official completing this certificate.
L Name of prisoner
2.Current available account balance
3. Average highest available . monthly balance for the preceding six months or for the period of incarceration, whichever is shorter.
4. Average available monthly deposits for preceding six months or for the period of incarceration, whichever is shorter.
If printout(s) or the above calculations do not represent the preceding six month period in its entirety, the official completing this certificate should explain here:
I hereby certify that, as of this date, the above information for the inmate trust account of the prisoner named above is correct.
Date:
Authorized official of institution
ORDER REQUIRING FURTHER INFORMATION FOR DETERMINATION OF PRISONER’S INDIGEN-CY
Based on a claim of indigency, Petitioner (Plaintiff) seeks a waiver of the filing fee in this matter of $.. Petitioner (Plaintiff) appears to be incarcerated for conviction of a crime or pending extradition or sentencing. The documents filed by Petitioner (Plaintiff) are insufficient to determine whether the Petitioner (Plaintiff) is indi *243 gent under Section 57.085, Florida Statutes. Petitioner (Plaintiff) must either pay the filing fee stated above or file the following items (as marked) •with this tribunal •within 45 days of the date of. this order:
1. Affidavit of indigency containing Petitioner’s (Plaintiffs) identity and the financial information required by Section 57.085(2), Florida Statutes.
2. Statement in the affidavit regarding whether the Petitioner (Plaintiff) has been determined to be indigent under Sections 57.081 or 57.085, Florida Statutes, or 28 U.S.C. § 1915 two or more times during the past three years and, if yes, a listing of all suits, actions, claims, proceedings, or appeals brought by the prisoner or intervened in by the prisoner in any court or adjudicatory forum during the past five years.
2. Statement in the affidavit that “I am unable to pay court costs and fees. Under penalty of perjury, I swear or affirm that all statements in this affidavit are true and complete.”
4. Acknowledgment that funds will be withdrawn from the Petitioner’s (Plaintiffs) inmate trust account.
5. A copy of the Petitioner’s (Plaintiffs) inmate trust account records for the past 6 months or the length of the Petitioner’s (Plaintiffs) incarceration, whichever period is shorter. If Petitioner (Plaintiff) has not had an inmate trust account during this time period, the Petitioner (Plaintiff) must submit signed documentation from prison or .jail officials for each institution confirming that the Petitioner(Plaintiff) did not have a trust account.
fi. A financial certificate, signed by an authorized official of the Petitioner’s (Plaintiffs) place of confinement, reflecting the current available account balance of the Petitioner’s (Plaintiffs) inmate trust account and the average highest available monthly balance and average available monthly deposits in the trust account for the past 6 months or the length of the Petitioner’s (Plaintiffs) incarceration, whichever period is shorter.
Completion of the enclosed or attached form will satisfy all of these requirements. Failure either to pay the filing fee in full or to comply with this order within 45 days from the date of this order may result in dismissal of this case. If the Petitioner (Plaintiff) has filed or intervened in more .than one action, separate documents must be supplied for each action and the case number must appear on each submission.
ORDER ON PRISONER’S INDIGENCY
Based on a claim of indigency, Petitioner (Plaintiff) seeks waiver of prepayment of court costs and fees, pursuant to Section 57,085, Florida Statutes. .Having reviewed the documents filed by Petitioner (Plaintiff), this tribunal finds that Petitioner (Plaintiff) is a prisoner as defined by Section 57.085(1), Florida Statutes, and orders as follows:
L DETERMINATION OF INDIGEN-CY (check one)
_ A NOT INDIGENT. The Petitioner (Plaintiff) is found not indigent because _ . The filing fee of $ must be paid in full or this case will be dismissed, (skip Section II) (Note that Fla. R.App. P. 9430 requires a statement of reasons for denying a request for indi-gency status.)
_ B. FULL WAIVER. Petitioner (Plaintiff) is indigent and unable to prepay court costs and fees. Petitioner (Plaintiff) is obligated to pay court costs and fees as specified in Section II below.
*244 _ C. PARTIAL WAIVER. Petitioner (Plaintiff) is indigent but able to prepay part of the court costs and fees. Petitioner (Plaintiff) shall make, prior to any further proceedings, an initial partial payment of the greater of either (1) 80% of the current available balance of the Petitioner’s (Plaintiffs) inmate trust account or (2) the greater of 20% of the average highest available monthly balance or the average available monthly deposits of the Petitioner’s (Plaintiffs) inmate trust account for the preceding 6 months or the period of incarceration, whichever period is shorter. This tribunal determines this amount to be $ . Payment must be made within 45 days of the date of this order, or this case may be dismissed. Petitioner (Plaintiff) shall make monthly payments of the remaining court costs and fees as specified in Section II below.
IL PAYMENT OF COURT COSTS AND FILING FEES
The initial filing fee in this case is $ . The Department of Corrections or the local detention facility shall place a lien on the inmate’s trust account for the full amount owed, withdraw money maintained in the trust account, and transmit the money to the clerk of the court until the Petitioner’s (Plaintiffs) court costs and fees are paid in full. When the balance in the inmate’s account is less than $10, the Department of Corrections or local detention facility shall accumulate the funds and not transmit them to the clerk until the balance exceeds $10. Any dismissal of this case, transfer of the Petitioner (Plaintiff) to a different detention facility, or release of the Petitioner (Plaintiff) from custody shall not extinguish the lien or the Petitioner’s (Plaintiffs) responsibility to pay the full amount owed.

. Because new subdivision (i) is created specifically for rendition of appellate orders, subdivision (h) of rule 9.020 is amended to delete the words "for clarification” from the list of motions that toll rendition of an order because motions for clarification are authorized motions only in appellate courts.

. We also adopt an amendment to rule 9.130(a)(5) to allow appeals from orders entered on motions for relief from judgment • filed under rule 8.270, Florida Rules of Juvenile Procedure. The omission of such a provision in the current rules is apparently an oversight.

. The exception for criminal and collateral criminal proceedings is required by section 57.085(10), Florida Statutes (2004), which excepts such proceedings from the application of the Prisoner Indigency Statute.

. In addition to the amendments discussed above, there are also several editorial and housekeeping amendments as reflected in the appendix.